WALLICH vs. THE CITY OF MANITOWOC.

*January 12 — January 30, 1883.*

CITY CHARTER. *Injuries to lots from grading and repair of streets.*

A provision in the charter of the city of Manitowoc that "whenever in the opinion of the board of aldermen public safety or convenience shall require immediate partial repairs to be made on any street, it shall be lawful for them to cause the same to be made," is *held* to apply where streets become impassable or dangerous in consequence of work done on connecting streets, as well as where repairs are rendered necessary by a freshet or other casualty; and where such repairs are made in a proper manner, the city is not liable for injuries resulting therefrom to lots abutting on the streets so repaired.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to recover for an injury to the premises of the plaintiff abutting upon Washington street in the defendant city, caused by a change in the grade of said street alleged

to have been wholly unauthorized by law.   The answer was a general denial.   The facts will sufficiently appear from the opinion.   At the close of the  plaintiff's testimony a motion for a nonsuit was denied.   The motion was renewed after all the  evidence was in, and was again denied.   There was a verdict for the plaintiff, and from the  judgment entered thereon the defendant appealed.

For the appellant there was a brief signed by *J. S. Anderson*, and  the cause was argued orally by *Mr. Anderson* and *Mr. C. E. Estabrook*.

For the respondent there was a brief by *H. G. & W. J. Turner*, and  oral argument by *Mr. W. J. Turner*.   They cited *Dore v. Milwaukee*, 42 Wis., 117, and *Crossett v. Janesville*, 28 id., 420.

Cole, C. J.   The liability of the city for the damages resulting from grading down Washington street, adjoining the plaintiff's premises, is placed upon the ground that its officers, in doing the work, did not proceed according to the provisions of the charter; therefore, the case comes within the principle decided in *Crossett v. Janesville*, 28 Wis., 420, and that class of cases.   There is no pretense that the charter gives compensation for injuries resulting from the change in the grade of the street, where the officers act within the limits of the power  conferred, and do the work with reasonable care and skill.   This principle of law is not called in question.   But it is said the grade was made, in this case, in an unauthorized manner.   The plaintiff's counsel contends that the only power for doing the work was found in sec. 6, ch. 10, of the charter (ch. 359, P. & L. Laws of 1871), and that the city officers did  not comply with that section.   The section provides that the grading or improving of any street, or *any part thereof, not less in length than one block,* shall be done by an order of the board of aldermen, upon a petition in writing, signed by at least one half of the resident  property owners

of lots fronting both sides of the street, if a majority of the aldermen-elect vote in favor of such an order; or without a petition, where two thirds of all the aldermen-elect vote in favor of the order.

If counsel were right in the position that this was the only provision of the charter which gave power to do the work in question, there would be much force in his argument that the officers did not comply with it. But it is not. Sec. 15 of the same chapter of the charter provides that "whenever, in the opinion of the board of aldermen, public safety or convenience shall require immediate partial repairs to be made on any street, it shall be lawful for them to cause the same to be made," etc. The question is, Does not this provision confer ample authority for doing the work which is complained of? It seems to us it does. It appears from the evidence that in grading Seventh street — a street running north and south just east of the plaintiff's premises — there was a cut of about three feet where it crossed Washington street running east and west. This cut rendered Washington street at that crossing, if not absolutely impassable, certainly most dangerous to persons traveling on it at that place. In this condition of things the board of aldermen caused Washington street to be graded or sloped down for one hundred feet east and west of Seventh street, so as to make it safe and passable. But in thus grading down the street a cut was made therein adjoining plaintiff's lot of more than two feet deep, which cut left the sidewalk that much above the grade and rendered his premises inconvenient of access from Washington street, where he had a drive-way and a foot-path to his house. To reduce the lot, drive-way, and sidewalk to a level with Washington street will be attended with expense and a destruction of shrubbery and fruit-trees. On this ground, or for these injuries, damages are claimed.

We think these damages are not recoverable, resulting as they do from a change in the street, which the city had not

only the right but which it was its legal duty to make, in order that the street should be passable and safe. It is said Washington street was level and in good condition prior to making this cut in Seventh street. Grant that this was so. Still we must presume that Seventh street was graded and improved in a proper manner, pursuant to the provisions of the charter on the subject, and when that street was improved and graded, Washington street, crossing it at right angles, became virtually impassable by reason of the cut. It is obvious from these facts that public convenience and public safety required Washington street to be graded down to render it safe and suitable for public use. The city did this work — in other words, repaired the street — as it had the power to do under sec. 15 above cited. The learned counsel for the plaintiff insists that this action authorizes the city to make such repairs as become necessary where streets have been washed out or destroyed by a freshet, or some casualty of that kind. We see no reason for restricting the provision to repairs which become necessary in such emergencies. The section authorizes immediate, partial repairs to be made on any street when in the opinion of the board of aldermen public safety or convenience render them necessary; and where a street becomes impassable or dangerous in consequence of work done on connecting streets, the provision applies.

Had a person been injured while traveling with due care on Washington street in the night, the city would certainly have been liable in damages had it neglected for an unreasonable time to put the street in a safe condition. We have no doubt that sec. 15 fully authorized the city to do the work it did do. It is plain that the grading of Washington street for one hundred feet west of Seventh street was not such work or grading as is referred to in sec. 6, *supra;* for it will be seen that this section relates to the work of grading a street, or part of a street, *not less in length than one*

*block.* That is not this case. We must, therefore, hold that the city is not liable for the consequential damages which resulted to the plaintiff's lot from grading down Washington street. That grading became absolutely necessary by the cut in Seventh street, and the city executed the work it was authorized to do in a lawful manner. The circuit court should have granted a motion for a nonsuit, which was made by the city attorney at the close of the testimony.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.