J. W. STRAUSS ET AL. V. THE CITY OF DALLAS ET AL.

No. 6821.

1. **Injunction Against Cutting Down Sidewalk.**—An injunction was properly dissolved where complainants sought to restrain the city authorities from cutting down a sidewalk from seven and a half to five feet for the alleged purpose of encroaching upon the lots abutting upon that side of a street so as to open a fifty-foot street, it not being alleged that the street was less than fifty feet in width.

2. **Use as to Streets.**—Mere use of a street of width of forty-five feet without an allegation that such was the width of the street is not a basis for a right to enjoin the city against opening up the street to a greater width, and especially when old ordinances of the city show the width to be fifty feet.

APPEAL from Dallas. Tried below before Hon. Geo. N. Aldredge. The opinion states the case.

*Spence & McCormick,* for appellants. —1. Title to lots in cities carries with it certain easements and services as inviolable as the property in the lots themselves; and hence the owners of such lots have an interest in the streets contiguous to their lots which neither the local nor the general public can claim; and owners of property abutting on a street have such an easement therein as will support actions for damages peculiar to them. Railway Co. v. Eddins, 60 Texas, 663; Sheehy v. Railway Co., 7 S. W. Rep., 579; Railroad Co. v. Applegate, 33 Am. Dec., 497, *et seq.*

2. The owner of a lot abutting on a public street has a peculiar interest in the sidewalk in front of his property, and a peculiar use in it, notwithstanding the public easement. James v. City of Pine Bluff, 4 S. W. Rep., 760; In re Goddard, 16 Pick., 504; 36 Barb., 226; Carter v. City of Chicago, 57 Ill., 283–289.

3. Injunction is the appropriate remedy, and courts of equity will

grant relief in this way; first, to prevent a multiplicity of suits; second, to prevent irreparable injuries; third, to secure enjoyment of specific property rights.

So where easements or servitudes are annexed by grant or covenant or otherwise to private estates, and where privileges of a public nature and yet beneficial to private estates are secured to the proprietors contiguous to public squares or other places dedicated to public uses, the due enjoyment of them will be protected against encroachments by injunction. 2 Story's Eq. Jur., pp. 110, 111, and notes 1, 2; Id., 117, 119; 1 Pom. Eq. Jur., sec. 260, *et seq.*

*W. H. Johnson*, for appellees.

GAINES, ASSOCIATE JUSTICE.—This suit was brought to enjoin the city of Dallas and certain of its officers from changing the width of the sidewalks on a certain thoroughfare in the city known as Masten street. A motion was made to dissolve the injunction for want of equity in the petition, and was sustained by the court. The plaintiffs having declined to amend, their suit was dismissed and an appeal taken by them to this court.

The sole question presented for our consideration is whether or not the allegations in the petition are sufficient to warrant the injunction which was sought to be perpetuated. We are of opinion that the answer must be in the negative, and that the judgment of the court was not erroneous. The petition alleges that Masten street had been used as a thoroughfare for fifteen years; that during that time it "had been in width as near as may be forty-five feet," with a sidewalk on each side of the width "as near as may be" of seven and a half feet; that plaintiffs are the owners of property on the east side of said street abutting upon its east boundary which is devoted to residences, and that they had purchased and improved their lots with a view to the use of that street.

Then follows these allegations: "Yet the said defendant, the city of Dallas, by its common council, did on the —— day of ——, 1888, pass a certain resolution by which the center of said Masten street was declared to be twenty-five feet east of the west line of said Masten street, and that said Masten street should be considered a fifty-foot street, as it had hitherto been declared to be by certain old ordinances of said city of Dallas."

Then follow averments alleging that the city had contracted with certain of its codefendants to construct a sidewalk on the west side of the street ten feet wide, and to take from that on the east side two and a half feet, so as to leave the sidewalk on that side of the width of five feet only. It is also alleged that the object of the city council in ordering the change was to force the plaintiffs to give a strip five feet wide off the front of

their lots for the purposes of a sidewalk.   The origin of the street is not shown.

The court is not informed by averment whether the land was originally condemned to the use of a street or whether it was dedicated by a private owner to the public use.   Nor does it appear what width was assigned to the thoroughfare at the time of its original creation.   It does appear, however, that the council was distinctly asserting a claim to a width of fifty feet for the street and that the "old ordinances" of the city had so recognized it.   The alleged fact that but forty-five feet in width had been used as the street does not show that the street was not originally laid out as of the width of fifty feet, nor is it equivalent to an averment to that effect.   If the street be of the lawful width of fifty feet the plaintiffs certainly can not enjoin the city from making its improvements to conform to that dimension.   Because the petition fails distinctly to allege that the lawful width of Masten street was but forty-five feet, we think it wholly insufficient.

If this averment had been made we would have had another question, and that is whether the plaintiffs could complain of the extension of the sidewalk on the west side at the expense of that on the east, so long as a sidewalk was left them reasonably sufficient for their use.   This question the court do not deem it necessary to decide.   Speaking for myself, I incline to the opinion that so long as a sidewalk sufficiently wide for the uses of the owners of property abutting upon it is maintained plaintiffs can not complain of the action of the city council.   The council have authority to establish and improve the streets of the city, and it seems to me that so long as they do not unreasonably impair the use of the sidewalk or of the street their motives are not a subject of inquiry by the courts, and their action can not be controlled by suit.   State v. Morristown, 33 N. J. L., 57.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered May 7, 1889.