McCullough, Respondent, vs. Village of Campbells-
port, Appellant.

*November 18—December 13, 1904.*

*Municipal corporations: Villages: Street improvement: Authority:
Statutes: Abutting owners: Damage from change of grade:
Injunction: Constitutional law.*

1. Under subd. 11, sec. 893, Stats. 1898, village boards have power to
lay out, open and widen streets; grade, improve and repair or
discontinue the same or any part thereof; make, or otherwise
improve, keep in repair, or discontinue sidewalks, and the
requisite authority to defray the expenses incident to the exer-
cise of these municipal functions is granted such boards by
secs. 911, 912, and 914*a*, which empower them to raise the
necessary means by taxation. Under sec. 905, Stats. 1898, the
cost of improvements by paving, macadamizing, or otherwise of
a particular street or part of a street, and building gutters
and sidewalks in connection therewith, is chargeable upon
the abutting property by special assessment. Plaintiff sought
to enjoin the defendant village from excavating and grading
the street adjacent to his property to a grade line adopted by
the defendant, which would lower the surface in front of plain-
tiff's premises about eleven inches, and from building a side-
walk thereon. *Held*, upon the ground that the village board
had not taken the requisite steps under the statute to give its
proceeding validity under said sec. 905, that the village could
not be enjoined, since the steps taken by the board clearly indi-
cated action under the authority granted for making general
street improvements, by subd. 11, sec. 893, to be paid for out of
the general street improvement fund, in respect to which no
irregularity was suggested or found.

2. In the absence of any law giving owners of real estate adjoin-
ing a public street or highway a right to recover damages from
the municipality on account of a change of grade, no damages
are recoverable, unless the premises of the adjoining owner
have been injured by the negligence of the municipality.

3. In the absence of any law giving owners of real estate adjoining
a public street or highway a right to damages against a munici-
pality on account of a change of grade, such change of grade is
not the taking of private property for public use.

Appeal from a judgment of the circuit court for Fond du
Lac county: Michael Kirwan, Circuit Judge. *Reversed.*

An action to restrain the defendant, its officers, agents, and servants, from excavating and grading the street adjacent to plaintiff's property to the grade line adopted by defendant, and from building a sidewalk thereon, under the direction of the village board. The court found as facts that defendant is a duly incorporated village; that plaintiff is one of the owners in fee of the lots described in the complaint and abutting on Main street of the village; that the village board, on October 6, 1902, by resolution, adopted a grade line for laying and constructing sidewalks on Main street, fronting plaintiff's property and that of other abutting owners; that the village officers were instructed to grade Main street to this established grade line, and lay a sidewalk thereon, passing in front of plaintiff's property; and that the grading and the sidewalk so to be built by the village officers and servants was within the limits of Main street. It was also found that, if the grading and excavating were done to the established grade line, it would lower the natural surface of Main street in front of plaintiff's premises to a point about eleven inches lower than the present grade of Main street, making access to plaintiff's store inconvenient and difficult, and impairing the use of it for the usual purposes of a store. Plaintiff alleges that the proceedings of the village board authorizing the improvement were irregular and void, and that the improvement would cause him irreparable damage and loss, and he therefore prayed that the village and its representatives be restrained from carrying out the improvement. Many other facts were found, which are not material to a decision of the case, and need not be adverted to upon this appeal. The court granted the relief prayed for, and awarded damages in a nominal sum. This is an appeal from the judgment in plaintiff's favor perpetually restraining the village authorities from carrying out the contemplated improvements, and awarding him nominal damages, with costs of the action.

*T. L. Doyle,* for the appellant.

For the respondent there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.*

Siebecker, J.   The village board was enjoined from prosecuting to completion the contemplated improvement by grading Main street to the established grade and building a sidewalk in front of plaintiff's premises.   It is found that the village board, on October 6, 1902, at a stated meeting, by resolution adopted a street and sidewalk grade for Main street, and directed its street superintendent to build a sidewalk on the established-grade.   This sidewalk would pass in front of plaintiff's store building, and necessitate a lowering of the street surface to the depth of nearly eleven inches below the surface of the present walk.   The village was enjoined from making this improvement upon the ground that the village board did not take the requisite steps under the statute to give its proceedings validity under the powers granted to village boards by sec. 905, ch. 40, Stats. 1898.   It appears that the board undertook to establish a street and sidewalk grade on some of its streets, including Main street bordering on plaintiff's premises, and to build a sidewalk on the established grade in front of his property.   In ordering the improvement no attempt was made to charge the cost to the owners of the abutting property, as prescribed by sec. 905.   We must therefore look elsewhere in the statutes for power authorizing the action taken by them.   Subd. 11, sec. 893, grants village boards power "to lay out, open, . . . and widen . . . streets . . . (and) . . . alleys . . . to grade, improve and repair or discontinue the same or any part thereof; to make . . . or otherwise improve, keep in repair, . . . or discontinue sidewalks and crosswalks."   The performance of these duties clearly requires expenditures to defray the expense incident to the exercise of these municipal functions.   The requisite authority for this purpose is granted them by secs. 911, 912, and 914*a,* which empowers them to·

raise the necessary means for the improvement of the streets and sidewalks by taxation. A comparison of these sections with sec. 905 clearly shows that the expenses incident to improving the village streets generally for public use and travel are to be defrayed by the inhabitants by general taxation, while the cost of the improvement by paving, macadamizing, or otherwise of a particular street or part of a street, and building gutters and sidewalks in connection therewith, as contemplated by sec. 905, is chargeable upon the abutting property by special assessments in the manner and upon the conditions prescribed by this section. The steps taken by the village board clearly indicate they were acting under the authority granted them for making general street improvements, under which the village board may establish street and sidewalk grades and build sidewalks, to be paid for out of the general street improvement fund. It is not suggested that the proceeding of the board was irregular or void under this authority, and we find nothing in the record which impeaches the validity of their action.

It was considered by the court that, if the village made the improvement as directed, plaintiff's premises would thereby be materially damaged in value, access thereto from the street made difficult and inconvenient, and its use materially impaired, causing him irreparable injury. The court found all that had been done and what would be required to complete the improvement was confined within the limits of the street. Under these circumstances plaintiff has no cause of action for the impairment of and interference with his facilities for ingress and egress. It has been repeatedly asserted in the decisions of this court that, in the absence of any law giving the owners of real estate adjoining a public street or highway a right to recover damages from the municipality on account of the change of grade, no damages can be recovered on account of such change of grade unless the premises of the adjoining or abutting owner have been injured through the negligence

of the municipality or its agents in making such a change, and that such a change of grade is not the taking of private property for public use. *Wallich v. Manitowoc,* 57 Wis. 9, 14 N. W. 812; *Colclough v. Milwaukee,* 92 Wis. 182, 65 N. W. 1039. If, however, the municipality or its agents, in making such improvements, are guilty of an actual physical invasion of the adjoining premises, either by occupying a part of them in making an embankment to raise the street, or by taking a part in grading, or by causing it to subside and fall by excavations, then they are not within the protection of the principle of the foregoing cases, and liability attaches. *Bunker v. Hudson,* 122 Wis. 43, 99 N. W. 448; *Damkoehler v. Milwaukee,* 124 Wis. —, 101 N. W. 706. Under the facts of this case the village board acted regularly within their authority, and plaintiff's rights were not violated, and no cause for restraining the village and its agents from completing the improvement as contemplated by the resolution of the board is shown.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment dismissing the complaint.