136    SUPREME COURT OF WISCONSIN.    [Nov.

State ex rel. McClure v. Wallschlaeger, 137 Wis. 136.

STATE EX REL. McCLURE, Respondent, vs. WALLSCHLAEGER,
Village Clerk, Appellant.

*November 12—November 27, 1908.*

*Municipal corporations: Public improvements: Work on streets: Man-
ner of payment: Contracts: Bids.*

1. A village board appointed a street commissioner and authorized
   him to hire men and teams and do general highway work under
   the orders of the board, and the commissioner employed men
   and teams by the day, and proceeded to fill up holes and turn-
   pike the main village street for a distance of seventy rods with
   gravel hauled from a pit owned by the village. *Held,* that the
   board had authority to do this and defray the expense out of
   the general highway funds of the village created under secs.
   911, 912, Stats. (1898).

2. Sec. 921, Stats. (1898), does not prevent the repair of highways
   by the employment of men and teams by day's work, even
   though the total expense of the entire work may exceed fifty
   dollars.

APPEAL from a judgment of the circuit court for Mari-
nette county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of
*John F. Watermolen,* and for the respondent on that of
*W. B. Quinlan.*

WINSLOW, C. J. This is an appeal from a judgment
awarding a peremptory writ of *mandamus* against a village

clerk commanding him to issue to the relator a village order for $49 for labor performed in graveling one of the highways of the village, the claim having been duly presented and allowed by the village board before the commencement of the action.

The village was operating under the general charter law, and two questions are presented: *First.* Was it necessary to proceed by petition and assessment against adjoining property under sec. 905, Stats. (1898)? *Second.* Was it necessary that the work be let to the lowest bidder under sec. 921, Stats. (1898)? Both questions were answered in the negative by the trial court, and we think properly so.

The facts were that the village board appointed a street commissioner and authorized him to hire men and teams and do general highway work under the orders of the board, that the commissioner employed the relator and three other men with teams by the day, and proceeded to fill up holes and turnpike up the main street of the village for a distance of seventy rods with gravel hauled from a pit owned by the village, at a total expense of $217.75, the relator's bill amounting to $49. Under the decision of the court in *McCullough v. Campbellsport,* 123 Wis. 334, 101 N. W. 709, the village board had authority to do this and defray the expense from the general highway funds of the village created by secs. 911, 912, Stats. (1898).

As to the second question, sec. 921, Stats. (1898), provides that "all contracts for the performance of any work in any such village exceeding fifty dollars" shall be let to the lowest bidder. Upon this point it is sufficient to say that the board made no contract with the relator for work exceeding $50, nor do we regard the section as preventing the repair of highways by the employment of men and teams by day's work, even though the total expense of the entire work may exceed $50.

*By the Court.*—Judgment affirmed.