BEKKEDAHL, Appellant, vs. VILLAGE OF WESTBY and an-
other, Respondents.

*September 14—October 5, 1909.*

*Villages: Street improvements: Powers of village board: Injunction:
Pleading: Presumptions: Taking of private property.*

1. In an action to restrain a village from making certain street-
   improvements pursuant to petition, it will be presumed on de-
   murrer to the complaint, in the absence of allegations to the
   contrary, that the village authorities are proceeding according.
   to law.
2. The general power in respect to streets and sidewalks conferred.
   upon the village board by subd. 11, sec. 893, Stats. (1898), in-
   cludes the power to determine the width of the traveled track
   in a street.
3. Allegations in a complaint that a village board intends and
   threatens to compel plaintiff to build a sidewalk outside of the
   street and upon his residence lot, and that in order to do so.
   he will be deprived of his land without due process of law
   and without compensation, do not show a right to an injunc-
   tion where it is evident from the facts pleaded that defendants.
   do not intend to compel plaintiff to build a walk by force or
   otherwise than by legal procedure regularly instituted and.
   carried on.

APPEAL from an order of the circuit court for Vernon
county: JAMES O'NEILL, Judge. *Affirmed.*

This is an appeal from an order sustaining a demurrer to
the plaintiff's complaint. The complaint alleges in effect
that the plaintiff is, and has been for many years, the owner
of a certain lot used and occupied as his residence in the de-
fendant village, and which abuts on La Crosse street, and
that plaintiff has greatly improved the dwelling house upon
said premises, and that said property is of the value of
$10,000; that in front of said residence and just inside of the
street line of said La Crosse street are two large shade trees,
furnishing shade to the dwelling house, and that there are
other and smaller trees, all standing within from two to six

feet of the street line, and that the plaintiff's lot is about two feet higher than the grade of the street at that point; that in the year 1901 the village board of defendant improved a portion of said street by macadamizing that part of said street covering the block lying next east of the block in which plaintiff's dwelling house is situate, which improvement included the building of a stone curb and gutter on both sides of said street; that while the improvement was under consideration and on June 1, 1901, the village board by resolution fixed and determined the line of the curb for said street at eight feet from the street line, and afterwards on June 21, 1901, changed the distance to nine feet, and on said last-named date fixed the line of the curb at nine feet from the street line; that pursuant thereto the curb on the north side of La Crosse street was built nine feet from the north line of said street and still remains there, and that no action has been taken by the village board of defendant changing or altering said curb line; that at the time of fixing said curb line the officers of said village designated and caused to be erected monuments to mark the curb line on the north side of said street in the block lying directly west of the block so macadamized, being the block in which plaintiff resides, and the officers of defendant directed plaintiff to build a plank sidewalk in front of and abutting his property, and so placed the same that the outer edge or line thereof would correspond to and be in line with the stone curb so fixed and built in the next adjoining block, and that plaintiff in good faith constructed in front of his property a plank sidewalk five feet wide, and placed the outer edge thereof on the curb line so designated, which sidewalk has remained and has been continuously used for public travel until on or about the 12th day of October, 1908.

The complaint then alleges that on the 23d day of June, 1908, the village board of defendant, acting upon a petition of the property owners along said street, decided to macadam-

ize that portion of said La Crosse street lying west of the block macadamized as before stated, extending from Main street, in defendant village, to a point opposite the west end of plaintiff's property, a distance of about nine and one-half rods, and on the 25th day of August, 1908, at a session of the village board, defendant awarded the contract of building a cement curb and gutter along both sides of said street to the defendant *Olson,* who has entered upon said work and has proceeded to construct said curb and gutter; that on the 12th day of October, 1908, the defendant *Olson,* acting, as plaintiff is informed and believes, under the verbal instruction of some of the individual members of the village board of defendant, entered upon the premises of plaintiff and destroyed and removed the plank sidewalk, and threatened and still threatens and intends to build and construct the cement curb and gutter about six feet inside of and north of the curb line designated in 1901 by the village board, so that all that portion of the roadway lying south of the stone curb, including the space occupied by plaintiff's plank sidewalk, will be macadamized and thrown into the street for team travel, and plaintiff will be deprived of the use thereof for sidewalk and boulevard purposes. It is alleged, on information and belief, that the village board threaten and intend to compel plaintiff to build a six-foot cement sidewalk north of said curb and place the same inside and north of the present and true street line and upon his residence lot, and that in order to so build the same plaintiff will be deprived, without due process of law and without compensation, of a strip of land six feet wide and about 100 feet long; that if the present sidewalk space is appropriated by the public for team travel and the curb and gutter built on the line threatened, it will result in great and irreparable damage to plaintiff and be ruinous to his property in the manner in which it has been enjoyed and will permanently impair its future enjoyment; that the taking of said property will compel plaintiff to ex-

cavate the terraced portion of his front dooryard a depth of about two feet and six feet wide and will necessitate the grubbing out of the shade trees in front of his property, and that such damages cannot be adequately measured in an action at law; that plaintiff verily believes that the action of the defendant *Olson* is through the order and direction of the trustees of defendant acting individually, and that the same is arbitrary, oppressive, and without authority of law; that said street was opened of the width of three rods upwards of fifty years ago, and has since been traveled such width, and that the distance between the true curb lines on either side of said street is upwards of fifty feet, which is entirely adequate for public team travel; that, unless enjoined, plaintiff fears defendants will carry out their threatened acts and build said curb on his land and thereby appropriate the strip aforesaid.

The prayer is that the defendant village and its officers and the defendant *Olson* and his servants be restrained and enjoined from building a street curb and gutter further north on said street than the line of the present stone curb on the north side of said street, or from interfering in any way with the strip of land five feet wide lying in front of and immediately abutting plaintiff's premises, and for general relief.

The defendants demurred to the complaint for want of facts sufficient to constitute a cause of action, which demurrer was sustained.

The cause was submitted for the appellant on the brief of *C. W. Graves,* and for the respondents on a brief signed by *Lawrence Grimsrud* and *W. F. & A. C. Wolfe.*

KERWIN, J.   The substance of the complaint is set out in the statement of facts.   The principal charge is that defendants are about to interfere with a part of a public street and that the village board is acting under a petition in so doing. There are no allegations in the complaint going to show that

all the steps required by law were not taken in the proceeding to make the improvement. The village having the right to improve the street, and it proceeding on petition to do so, it must be presumed that it is acting lawfully in the absence of any allegation to the contrary. Subd. 11, sec. 893, Stats. (1898), authorizes villages "to lay out, open, change, widen or extend roads, streets, lanes, alleys, . . . and to grade, improve, repair or discontinue the same or any part thereof; . . . to make, alter, widen or otherwise improve, keep in repair, vacate or discontinue sidewalks and crosswalks as provided in this act." And sec. 905 provides the mode of procedure. There is nothing in the complaint showing or tending to show that these statutory provisions have been violated or that the defendants are not proceeding in accordance with them. The acts to be done under the contract with defendant *Olson* are to be done within the limits of the street. The general power conferred by law on the village includes the power to determine the width of the traveled track. Elliott, Roads & S. § 451; *Slate v. Morristown,* 33 N. J. Law, 57; *Benson v. Waukesha,* 74 Wis. 31, 41 N. W. 1017; *McCullough v. Campbellsport,* 123 Wis. 334, 101 N. W. 709; *Damkoehler v. Milwaukee,* 124 Wis. 144, 101 N. W. 706.

Stress is placed upon the allegations of the complaint to the effect that the village board "intend to, and threaten to, at once after the completion of said curb and gutter, direct and compel plaintiff to build a six-foot cement sidewalk north of said curb and compel him to place the same inside of and north of the present and true street line and upon his residence lot, and that in order to so build the same plaintiff will be deprived, without due process of law and without compensation, of a strip of land six feet wide and about 100 feet long." The plain inference from the pleading is that if the plaintiff is compelled to build the walk it will be under legal procedure regularly instituted and carried on. He cannot be compelled to build otherwise, and there is no allegation

that defendants intend to forcibly or otherwise build or en-. ter upon his premises against his will. The allegation to the effect that, in order to build, the plaintiff will be deprived of his property without compensation and without due process of law, is without force, because it is plain from the facts pleaded that plaintiff cannot be compelled to build and submit to a taking of his property without compensation, and that defendants do not intend forcibly to interfere.

But it seems wholly unnecessary to discuss the question. The complaint is barren of facts sufficient to entitle the plaintiff to equitable relief, and therefore the demurrer was, properly sustained.

*By the Court.*—The order appealed from is affirmed.