LOUIS RABINER, Appellant, v. HUMBOLDT COUNTY et al., Appellees.

No. 44086.

APRIL 5, 1938.

Paul E. McCarville and Helsell, Burnquist, Bradshaw & Dolliver, for appellant.

1192

S. M. Nielsen, C. W. Garfield, and Melvin L. Baker, for appellees.

SAGER, J.—Appellant acquired the farm along which the highway in question runs in 1926, at which time the trees involved had grown to a considerable size. Appellant's land is in Weaver township in Humboldt county.

On March 7, 1936, the board of supervisors of that county met with the various township trustees as a board of approval, and the highway along appellant's farm was included in the road program of Humboldt county for the year 1936. Prior to the commencement of this action appellant learned that the county authorities contemplated improving the highway along his farm, and in order that he might properly locate his fence he requested the county engineer to run the line for him. This being done, appellant constructed his fence on the line indicated by the survey. It was disclosed that a number of trees stood within the limits of the highway. It was discovered that these trees might, and as it developed did, interfere with the improvement of the roadway so much as to require their removal if a standard road were to be built. Appellant makes much of the fact that the county engineer displayed a certain bias and ill will which tended (as he seems to contend) to make the acts of appellees illegal, and to subject appellees to damages. In the view we take of the case it will not be necessary to discuss this.

Pursuant to the plan adopted by the county authorities, men were sent to the highway along and in front of appellant's premises and they proceeded to remove the trees which stood within the limits of the highway. While this work was in progress, appellant employed an attorney to represent his interests. This attorney promptly appeared on the scene and made arrangements whereby work was discontinued until a petition for temporary injunction might be filed. Pursuant to this appellant filed his petition in the case before us, and in due course of time the cause came to a final decision, from which this appeal results.

In the interest of brevity we shall discuss the points raised by the contending parties in an order different from that in which they are presented, but we will undertake to dispose of all that seem to have a pertinent bearing on the result.

■■■ Appellant contends that the acts committed by the appellees were ''wanton, malicious, and committed for the sole

purpose of injuring this appellant." We do not decide whether the record warrants this deduction or not. Under the views hereafter expressed, the motive actuating appellees will be seen to have no bearing.

Upon this proposition we have already expressed ourselves in Boggs v. Duncan-Schell Furniture Co., 163 Iowa 106, 112, 143 N. W. 482, 485, L. R. A. 1915B, 1196, wherein Gaynor, J., said:

"No one could seriously question the proposition that, if one does that only which he has a right to do under the law, and does it in a legal way, he ought not to be called to account for his conduct, no matter what his motive might be, and there are many authorities to support the abstract proposition that a lawful act cannot be made the foundation of an action, because it was done with an evil motive, and some cases have held that the motive with which an act is done is not an element of a civil wrong. It may go to enhance the damages, but is not an element of the wrong itself."

After citing cases, this further appears in that opinion:

"These cases present, as strongly as any, the application of the abstract rule contended for by appellant. They present the general rule to concrete cases that, what a man has a lawful right to do, he may do, no matter what his motive may be, no matter what injuries may result from it, and yet not be called to answer for his conduct."

If a further discussion on this proposition is sought, see note to Wesley v. Native Lumber Co., Ann. Cas. 1912D, 796; note to Hutton v. Watters, Ann. Cas. 1916C, 438; 1 Corpus Juris Sec. 14, p. 1003, title, Actions; 1 Am. Jur. Sec. 25, p. 420, title, Actions.

■■■ Appellant contends that the county and its agents had no right to cut down or injure any tree which stood in front of his premises and served as an ornament or windbreak. This contention is based in part on Code sections 7649 and 7650. However, these appear in chapter 356 of the Code, which deals only with highway drainage districts. Appellant likewise lays some stress upon Code sections 4830 and 4831. These, like the two last-cited sections, have no bearing upon the question before us.

They appear in chapter 247 of the Code, which has reference to hedges along the highway.

■■■ Appellant concedes, as he must, that Code section 4644-c46, upon the authority of which appellees largely rely and which they claim justifies what has been done and contemplated, provides that trees along the wayside may not be removed unless they "materially interfere with the improvement of the road * * *." We find that the conclusion of the county authorities that the highway could not be graded and improved to make a standard road except by the removal of the trees is sustained by the record and we may not substitute our judgment for theirs. Appellant insists that there was some preliminary discussion between the engineer and him which tended to prove that it was possible to improve the highway without removing the trees, but we find in the record no warrant for the deduction he would draw therefrom. No question is or could be made but that the trees actually were within the limits of an established highway, which was without question within the governmental control and supervision of the appellee county.

Appellant in argument cites a number of our earlier cases. These were decided before the statute was in the language it is now, and we do not stop to examine them.

■■■ As another division of his argument appellant says that injunction will lie to restrain the county and its agents from removing trees from the highway. Conceding that there have been cases which under certain circumstances have announced that doctrine, none of them is in point or analogous here, for the reason that in the instant case the appellees were acting strictly within their statutory powers.

The case of Hoover v. Iowa State Highway Commission, 207 Iowa 56, 58, 222 N. W. 438, 439, one of the citations upon which appellant relies, has this to say on this subject:

"Manifestly, the state highway commission, for certain purposes, is an arm of the state, and cannot be interfered with by suit or other legal proceedings, when performing its official duties for the sovereignty, without fraud, illegality, or in derogation of statutory authority." (Citing cases.)

Pillings v. Pottawattamie County, 188 Iowa 567, 176 N. W. 314, another of appellant's citations, has to do with the question

of ingress and egress, and was based upon a specific statute on that subject.

■■■ Another contention of appellant is that the county and its agents are liable for affirmative, wilful, and unlawful acts, and for taking property without due process of law. The trouble with this contention is that it is not sustained by the record. Neither the trees nor any part of the highway upon which they grew belonged to the appellant or his grantors. Under familiar rules they acquired no rights in the highway because public convenience or necessity did not require the appropriation of its full width until the present time. Appellant's contention that he is entitled to be paid for the trees and for incidental damages to his fence, and any other tree or trees, finds no support either in the law or in the facts.

We have thus far dealt almost entirely with the contentions of the appellant, but what has been said substantially covers the argument of appellees. We take the time, however, to call attention to a few of the citations which not only justify but require an affirmance of the decree of the trial court.

In Langle v. Brauch, 193 Iowa 140, 144, 185 N. W. 28, 29, we said:

"It is further contended by the appellant that, the road having been located upon the irregular line, as contended for by him, and having been used by the public for a long period of time, even if the same is not upon the true line, the said line has been acquiesced in, and cannot now be disputed.

"In Quinn v. Baage, 138 Iowa 426, 114 N. W. 205, we said:

" 'Manifestly, the doctrine of acquiescence can have no application to the fixing of a boundary between the abutting owner and the highway; for no one representing the public is authorized to enter into an agreement upon or to acquiesce in any particular location.'

"In Bidwell v. McCuen, 183 Iowa 633, 166 N. W. 369, we said:

" 'There has been no acquiescence in the line upon the part of the public, as claimed by counsel for appellant, for the manifest reason that no one representing the public was authorized to enter into an agreement upon, or acquiesce in, any particular location thereof.'

"The doctrine of acquiescence is held not to apply to high-

way-boundary disputes in which a governmental agency is a party. [Citing cases.] Under these rules, there was no acquiescence by the county that now prevents it from asserting its right to the true line as the line of the highway.''

On the question of liability of municipalities and their agents in the discharge of governmental functions, we have frequently expressed ourselves. Thus, in Hibbs v. Independent School District, 218 Iowa 841, 251 N. W. 606, we said:

''Municipalities possess, and exercise, two distinct classes of powers, one, governmental in character in which it acts in a sense as a sovereign, and the other, proprietary or ministerial, in which it acts for the private advantage of the inhabitants of the municipality. [Citing cases.] The same rule of nonliability applies to the officers of such municipality.''

In Snethen v. Harrison County, 172 Iowa 81, loc. cit. 85, 152 N. W. 12, 13, this language appears:

''Counties, unlike cities and incorporated towns, are not, as a rule, held liable for torts committed by them, so long as they are acting within the scope of their governmental powers. They are quasi-municipal corporations engaged in the performance of governmental functions, and are not responsible for the neglect of duties enjoined upon them, in the absence of statute giving a right of action.'' (Citing cases.)

See, also, Bradley v. City of Oskaloosa, 193 Iowa 1072, 188 N. W. 896; Leckliter v. City of Des Moines, 211 Iowa 251, 233 N. W. 58; Bidwell v. McCuen, 183 Iowa 633, at page 642, 166 N. W. 369.

The decision of the trial court was in accord with the statutes and the precedents as applied to the facts before us. The written decree, filed below, in concise and pertinent language disposes of all the questions raised by the issues. It is too long to set out in full, but the following therefrom will bear quotation:

''It is a well-known fact of which the Court should take judicial notice that in recent years and at this time, the officers of the State have been and are working to establish and construct a general system of highways of a permanent, uniform and standard character. The requirements of the public in the use

of highways are such that it commands a different construction than was required or considered necessary thirty years ago. And we must keep pace with these new conditions and new requirements. The convenience of the individuals must give way to these demands and requirements of the general public. These defendant officials in doing what they propose to do, as shown by the evidence, are taking no property or property rights from the plaintiff. They are simply proceeding to utilize that which was taken and acquired by the public when the highway was established many years ago.. We are fully satisfied after a careful consideration of all the evidence and facts in this case that these defendants in doing what they propose to do are acting clearly within their legal rights and that the trees which are the subject of controversy in this case do materially interfere with the proper and necessary improvement of this highway, and that these defendants should not be restrained or enjoined from proceeding with this improvement as contemplated, or from removing any or all of the trees which are in controversy as shown by the record in this case, and we are entering a decree accordingly.''

It follows that the decree of the trial court, being right, is affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, HAMILTON, DONEGAN, KINTZINGER, RICHARDS, and MILLER, JJ., concur.

MITCHELL, J., takes no part.