## GILLILAND et al. v. CITY OF FORT WORTH et al.

### No. 14375.

Court of Civil Appeals of Texas. Fort Worth.

May 8, 1942.

Rehearing Denied June 19, 1942.

Goree & Rice, R. M. Rowland, Cal Estill, Clay Cooke, and A. B. Culbertson, all of Fort Worth, for appellants.

Gerald C. Mann and Richard H. Cocke, both of Austin, and R. E. Rouer, of Fort Worth, for appellees.

BROWN, Justice.

Appellants being property owners on that certain highway within the city limits of Fort Worth, known as Hemphill Street, brought suit against the members of the Highway Commission of the State of Texas and the City of Fort Worth, alleging that they are owners of improved lots abutting upon said street; that in the year 1902 said city enacted an ordinance requiring all such property owners to set all curbings at the uniform distance of 20 feet from their respective property lines, to construct a sidewalk at least 5 feet in width, and to fill the spaces between the curb and their respective property lines with suitable material and to plant in such spaces grass, ornamental shrubs and trees; that the said owners complied with the terms of said ordinance and have expended substantial amounts in the beautification of their said properties and the said spaces between their respective property lines and the curb lines and have planted grass, shrubbery and trees, in accordance with the design of said ordinance, and have thereby added materially to the beautification of said city and of their individual properties.

That thereafter, on February 5, 1904, said city enacted an ordinance "to fix and establish the width of Hemphill Street south of Magnolia Avenue", the purpose and provision of such ordinance being to fix such width at 45 feet.

That the members of said State Highway Commission and said city authorities have devised some plan and arrangement whereby said Hemphill Street, in front of complainants' properties, is to be widened and repaved to a width of 54 feet. That such proposed plan is that said city shall furnish the right-of-way for said project and will assume to pay all damages that will arise and accrue to the owners of property abutting on said street by reason of such widening, and said city will reconstruct the sidewalks and curbs, and that the cost of construction of the new paving on said street to said width of 54 feet is to be borne by the State of Texas.

It is alleged that the tearing up of the present sidewalks and "drive-ins" heretofore built by said owners and all of which are adequate, and the destruction of the ornamental shrubs, the grass and the trees heretofore planted by complainants, will cause them irreparable injury and damage and that they have no adequate remedy at law.

It is further alleged that the contract and arrangement thus made between the Highway Commission and said city "is illegal, wholly beyond the authority and jurisdiction of the said parties defendant, and contrary to the laws and Constitution of the State of Texas and the charter of said city".

That the legal effect of the ordinance which fixed and established the width of the traveled portion of said Hemphill Street, as was done, was to close and abandon all that portion between such fixed width from the fixed curb lines to the property lines of the complainants and to thereby vest in these complainants property rights in the use thereof which such city is estopped from disturbing or denying at this time and under the alleged circumstances; and that the city is barred by limitation of time in its attempt to so disturb same.

That the destruction of complainants' grass, shrubs and trees will cause a great depreciation in the values of complainants' properties and the injury done, under the circumstances, is such that complainants cannot be adequately compensated by mere money damages, if defendants are permitted to carry out the said plan and purpose of so widening the said street.

That the fact that the plan and arrangement made and had between the defendants which does not provide for payment to them by the State of Texas for such damages as they may and will sustain, renders the undertaking not only illegal and beyond the authority and power of the defendants to make, but imposes a burden and hardship upon the complainants in that the said city has made no provision in its budget for the payment of such damages and for the levying and collecting of taxes to cover same, and complainants will be put to the necessity of seeking permission to sue the State through the Legislature.

It is further alleged that in doing the proposed work, the several defendants are guilty of a gross abuse of the discretion lodged in them and their acts are arbitrary and capricious and will bring about a useless waste of public funds, in that there is no necessity for the widening of said Hemphill Street and its present width is sufficient for public travel, and travel upon such street can be readily removed by diverting same by way of Pecan Street to South Main Street.

There are other allegations that we will not notice at this time.

Complainants prayed for a temporary injunction and that such relief be made permanent on final hearing. To this pleading defendants answered by urging several special exceptions to the sufficiency of the petition to state a cause of action, and admitted the enactment of the ordinances, the substance of which was pleaded by complainants, and denied specifically all other material allegations in the petition.

Prior to the presentation of the petition, complainants filed an application, under oath, for a change of venue, alleging that, under the circumstances and conditions existent, they cannot obtain a fair and impartial trial in Tarrant County.

The trial court ruled that the application for a change of venue was prematurely filed and that it was not necessary to rule upon same, in that no effort was made to disqualify the trial judge, and that such issue of venue could and would be ruled upon after the trial court considered the several special exceptions urged by the defendants.

All special exceptions were sustained and the trial court ruled that it was apparent that the complainants are unable to state any cause of action and that no good purpose could be served by granting complainants further leave to amend; that they have an adequate remedy at law; and the cause was dismissed. The appeal is from such final order.

The petition not only prayed for injunctive relief but that they "be given all other and further relief to which they may be entitled in law or equity".

It is undoubtedly disclosed that in widening the said street there will not be taken any part of the lots actually owned through due conveyances to the respective complainants, but that the land to be used is only a portion of that which was originally dedicated for street purposes.

Hemphill Street is now, by reason of a change in the main highway and public thoroughfare leading from the City of Fort Worth south, a part of United States Highway No. 81 and State Highway No. 2.

That the Highway Commission of Texas has the authority and power to widen Hemphill Street and pave same as a part of the State Highway system of Texas there can be no doubt; and the right to make such a contract as is alleged to have been made by said Commission with the City of Fort Worth is expressly authorized by Article 6673—b, Vernon's Texas Civil Statutes.

The only matter that confuses us is the allegation that the City of Fort Worth, many years ago, in fact more than thirty-five years ago, enacted the above-mentioned ordinances, definitely fixing the width of the portion of Hemphill Street for actual travel and requiring the abutting property owners to set their improvements at a definite distance back from the curb line so fixed, and requiring such property owners to build sidewalks in front of their properties of a certain width and further requiring such owners to fill in the space between the sidewalks and the said curb "with suitable material" (evidently meaning good dirt) and to plant grass, ornamental shrubs and trees in such space—all of which they allege they have done, at great expense to themselves, and have thereby beautified their properties and said street and greatly added to the values of their properties—which has operated as a partial abandonment of that portion of the dedicated street which was thus set apart for grass and shrubs and shade trees, and that such official conduct upon the part of said city authorities created a property right in each of the complainants, who acted in good faith thereunder and expended large sums of money in complying with said ordinances and thereby enhanced the values of their respective properties, and the destruction thereof will materially diminish such values and cause the owners serious injury to their rights to the use and enjoyment of such properties.

We doubt that there is merit in the proposition that the enactment of the aforesaid ordinances and the compliance by complainants with the terms and requirements thereof resulted in such an abandonment of a portion of Hemphill Street as that it served to divest the city of its title thereto and invested the complainants with such title to the fee, but we are impressed with the contention that a certain property right—a definite right of user—was created, or vested, in these property owners that cannot be taken from them, under the circumstances, without adequately compensating them therefor.

It will be observed that no attempt at condemnation was made, on the theory that the city is the owner of such fee; but it is likewise true that the pleadings disclose no effort to compensate these property owners for such losses as may be necessarily sustained.

As bearing upon the damages that will be sustained by these property owners, see Southwestern Tel. & Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S.W. 1049.

A very interesting case touching upon the abandonment by a city of a portion of a street is Krause v. City of El Paso, 101 Tex. 211, 106 S.W. 121, 14 L.R.A.,N.S., 582, 130 Am.St.Rep. 831.

This is a strong case and is close akin to the instant suit.

The difference, as we see it, seems to be that had the city of El Paso succeeded in its demand upon Krause to remove his permanent brick building because it actually encroached upon the public street, the result would have been the destruction of Krause's property; whereas in the case before us there will be no destruction of complainants' buildings but a destruction of their grasses, shrubs and shade and ornamental trees, and a consequent serious injury to their respective properties.

We are of opinion that the trial court did not err in refusing to grant complainants the injunctive relief sought; but, having

prayed for "all other and further relief to which they may be entitled in law or equity", we are of opinion that the trial court erred in dismissing plaintiffs' suit and in refusing to permit them to amend.

Assuredly they have the right to amend and sue for their damages.

■ The majority are of opinion that to hold otherwise is to give a more strict construction of the rules governing the right to amend than should be given in this suit, and that to affirm the judgment of the trial court and require the complainants to bring new and different suits for damages will result in the issue of damages being res adjudicata because of the allegations found in the petition and the further rule that a litigant is supposed to have litigated every issue that could have been raised by him in his suit.

The right to a hearing upon the application for a change of venue is not before us, as we view the record, and this right will doubtless be given due consideration by the trial court on a hearing of the merits as touching damages.

Affirmed in part and reversed and remanded in part.

McDONALD, Chief Justice (dissenting).

I find myself unable to concur in the opinion of the majority of the court.

The nature of the suit is indicated by the following excerpt taken from appellants' brief: "The purpose of the suit was to establish and enforce the right of the plaintiffs, as the owners of homes abutting on Hemphill Street in said city, to have the driveway for vehicular traffic on that part of Hemphill Street kept and confined to its then width of approximately 40 feet, leaving the remainder of the original dedicated street to be used only for parkways, sidewalks and driveins."

Although the petition does not say so in so many words, I think that it unmistakably alleges in effect that Hemphill Street, as originally dedicated, was 80 feet in width from the property lines on one side to those on the other.

Ten points are relied upon by appellants for reversal of the judgment of the trial court.

First point: Appellants filed affidavits seeking a change of venue. The trial court announced that he would pass upon the exceptions to the petition before acting upon the motion for change of venue. If the trial court was in error in passing upon the exceptions before acting upon the motion for change of venue, the error was harmless, for the reason that it would have availed plaintiffs nothing to obtain a change of venue if their petition stated no cause of action. Any court to which the case might be transferred would have to have made the same ruling as did the trial court. The reasoning in the opinion in Carpenter v. Kone, 54 Tex.Civ.App. 264, 118 S.W. 203, writ of error refused, is applicable here.

Second, fourth, fifth, sixth, and ninth points: Under these points it is argued, in effect, that plaintiffs' petition states a cause of action.

As it appears to me, the case alleged is that plaintiffs, severally, own homes along Hemphill Street. The street, according to the original dedication, is 80 feet in width, from property line to property line. In 1902 the city passed an ordinance, providing that curbs should be set 20 feet from the property lines, leaving a space for vehicular traffic 40 feet in width. In 1904 another city ordinance was passed, providing that the driveway for vehicular traffic should be 45 feet in width. Under said ordinances the abutting property owners were commanded to construct sidewalks between their property lines and the curb, to set curbs, to fill in the space between the sidewalk and curb with suitable material, and to set the space in grass and to plant same with ornamental trees and shrubs. The plaintiffs and other property owners along the street have complied with the terms of the ordinances by setting the curbs, planting the trees, etc., and have thereby added materially to the beautification of the city and of their own individual properties. The City of Fort Worth, and the State of Texas through its Highway Commission, now threaten to widen the traveled portion of the street to a width of 54 feet, in the course of which work plaintiffs' trees and shrubs will be destroyed, their curbs removed, and their parkways and driveins damaged. It is alleged that the legal result of the passage of the two ordinances, and of the interpretation placed thereupon by the city officials and the public, including the plaintiffs, is that the public has an easement of only 40 or 45 feet in the street for vehicular traffic, and that the remainder of the street is now subject only to an easement for use as a parkway, and for sidewalks

and driveins. In short, the claim asserted is that the city cannot now widen the traveled portion of the street.

Plaintiffs, who are appellants here, cite no authorities which support their claim that the city cannot lawfully widen the traveled portion of the street. All the decisions which have come to my attention are to the contrary. I find no facts alleged in the petition which are sufficient to prevent the city from exercising its dominion and control over the streets by moving the curbs in the street so that the portion of this 80 foot street devoted to vehicular traffic shall be 54 instead of only 40 feet wide. We do not have a case where the city is widening the street beyond its dedicated width. All of the cases which have come to my notice hold that the authority lies with the city to determine what portion of the street shall be devoted to vehicular traffic, and what portion shall be reserved for sidewalks or parkways. The fact that the city at some time orders only a certain portion of the street to be used for vehicular traffic does not defeat its right to widen the traveled portion at a later time if traffic conditions require it. And it is for the officials of the city, and not for the courts, to determine the question of traffic needs in such a case. If the property owners plant trees within the limits of the dedicated portion of the street, they may be removed if conditions require the widening of the traveled portion of the street. I consider that the following authorities support the views just expressed. 44 C.J. 167; 13 R.C.L. 203; 39 Tex.Jur. 513; Strauss v. City of Dallas, 73 Tex. 649, 11 S.W. 872; Jones v. City of Houston, Tex.Civ.App., 188 S.W. 688; City of Georgetown v. Hambrick, 127 Ky. 43, 104 S.W. 907, 13 L.R.A.,N.S., 1113, 128 Am.St.Rep. 333; Bekkedahl v. Village of Westby, 140 Wis. 230, 122 N.W. 727; Louis Rabiner v. Humboldt County, 224 Iowa 1190, 278 N.W. 612, 116 A.L.R. 89, and annotation beginning at page 95, of volume 116 of A.L.R.; City of Marshall v. Allen, Tex.Civ.App., 115 S.W. 849, writ of error refused; Gillespie v. Fuller Construction Co., Tex.Civ.App., 66 S.W.2d 798, writ of error refused.

Art. 1175, Sect. 16, granting enumerated powers to home-rule cities provides that they shall have exclusive dominion and control over streets, with power to compel property owners to put in curbs, and Sect. 17 empowers the cities to widen any pub-

lic street. It is doubtful if the city could by ordinance take any action which would later cut off its right to change the curb lines within the street. See Bowers v. City of Taylor, Tex.Com.App., 16 S.W.2d 520; J. M. Radford Groc. Co. v. City of Abilene, Tex.Com.App., 34 S.W.2d 830; and also the cases cited above in this opinion.

This suit was filed late in August, 1941. Defendants' answers were filed after September 1st, the effective date of the new rules of procedure, and all other proceedings had in the case were after that date. Plaintiffs argue that, under the new rules of procedure, the exceptions filed by defendants have the effect of admitting the correctness of the legal conclusions appearing in plaintiffs' petition.

It was well settled under the old rules that a general demurrer did not admit the truth of mere conclusions in the petition. Pleadings of conclusions could not take the place of allegations of facts, and did not aid the petition as against a general demurrer. 33 Tex.Jur. 557.

Rule 45 of the new rules of procedure provides that pleadings shall consist of "a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense". That same rule also provides that it shall not be ground for objection that an allegation be evidentiary or be of legal conclusion when fair notice be given by the allegations as a whole. Rule 47, taken from the Federal Rules, provides that a pleading which contains a claim for relief shall contain a short statement of the cause of action sufficient to give fair notice of the claim involved.

Despite plaintiffs' contentions, it seems to me that the sufficiency of the petition must be tested, not by Rule 45, but by Rule 682, as amended by order of March 31, 1941, which reads as follows: "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief."

The language of this rule is identical with that of Art. 4647 of the Revised Statutes. The decisions construing Art. 4647 are therefore in point.

In 24 Tex.Jur. 221–233 will be found statements of the tests applicable to pe-

titions in injunction suits. All the necessary facts must be averred. The rule that as against a general demurrer every intendment is indulged in favor of the sufficiency of the pleading does not apply to injunction suits. Instead, as is said in Johnson v. Ferguson, Tex.Civ.App., 55 S. W.2d 153, 159, cited infra, in the injunction suits the rule is that "the averments of material and essential elements must be sufficiently certain to negative every inference of the existence of facts under which petitioner would not be entitled to relief". It might be said, in short, that in the ordinary suit the pleading, as against a demurrer, must be construed most favorably to the pleader, while in injunction suits the opposite is the rule.

Plaintiffs allege, in effect, that the improvement of Hemphill Street is unnecessary, and that a more feasible and a more economical plan of meeting the traffic needs may be found in improving certain other streets. Such allegations are not, in my opinion, sufficient to entitle plaintiffs to the injunctive relief sought. City of Marshall v. Allen, Tex.Civ.App., 115 S.W. 849, writ of error refused; Johnson v. Ferguson, Tex.Civ.App., 55 S.W.2d 153, writ of error dismissed; Grayson County v. Harrell, Tex.Civ.App., 202 S.W. 160, writ of error refused; City of San Antonio v. Fetzer, Tex.Civ.App., 241 S.W. 1034, writ of error refused.

Seventh and eighth points: Plaintiffs urge that although the plan includes an agreement by the city that it will pay the damages accruing to the abutting owners, that such an agreement is in violation of constitutional inhibitions, and that the property owners therefore have no adequate remedy at law to relieve them of their damages.

Art. 11, Sect. 5, of the Constitution of Texas, Vernon's Ann.St., provides in part that no city shall ever create a debt unless at the time provision be made to assess and collect annually a sum sufficient to pay the interest on the debt and to create a sinking fund for its payment. The damages so caused would not, in my opinion, constitute a debt within the meaning of the constitutional provision. Reference is made to City of Dallas v. Miller, Tex.Civ.App., 7 Tex.Civ.App. 503, 27 S.W. 498; West Audit Co. v. Yoakum County, Tex.Com. App., 35 S.W.2d 404; City of Marshall v. Allen, supra.

Third point: Plaintiffs complain of the refusal of the trial court to permit them to further amend their petition. It appears that the trial court, shortly after the original petition was filed, held a pre-trial conference with the attorneys representing all parties. At that conference numerous exceptions to the petition were presented by the defendants. The trial court indicated that the petition failed to state a cause of action, and gave plaintiffs a limited time to amend. Plaintiffs amended their petition, after which a second pre-trial conference was held. The trial court expressed the view that the amended petition did not state a cause of action, refused to allow the plaintiffs to amend further, and dismissed the suit.

Although the question is not raised by a specific point, certain argument in appellants' brief appears to complain of the action of the trial court in ruling upon the exceptions at the pre-trial conference, rather than upon a formal trial of the case. My view regarding this is the same as my view regarding the ruling made upon the exceptions before passing upon the venue matter. The error, if there was one, was harmless. If the petition failed to state a cause of action, the suit would have been dismissed whenever the court acted upon it.

To complain of the refusal of leave to amend the petition, appellants must show an abuse of discretion upon the part of the trial court. They must show that the amendment might have been of aid to them. So far as the record shows, they did not apprise the trial court of what additional facts they desired to allege, nor do they say here what else they would have alleged. The presumption is, until the contrary be shown, that the trial court ruled correctly. See 33 Tex.Jur. 511, for statement of the rule. Although no mention is made of it in their brief, counsel for appellants suggested in oral argument before us that, if allowed another trial, they would seek to recover damages in the event they failed to obtain the injunctive relief sought. Nothing has happened in the present suit which would cut them off from seeking damages in another suit. A suit for injunction is brought before the damage is done, in order to prevent the damage. A suit for damages is usually brought after the damage is done. The question of right to recover damages is

not before this court upon this appeal, hence no opinion upon that question is now necessary or proper.

Tenth point: Appellants make no statement or argument upon this point, and cite no authority to support it. To my mind it is obviously without merit.

As I see it, the case is a simple one. The abutting property owners had the right, and within certain limits could lawfully be required, to place improvements in that portion of the street lying between their property line and the curb. But the right remained with the city to require the removal of the improvements if, in the lawful exercise of its discretion, it should determine that more of the street was required for the use of vehicular traffic. I venture no opinion upon the question of whether damages may be recovered by the property owners.

In my opinion the judgment of the trial court should be affirmed.