Robert EASTHAM, alias James A. Henry, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 30, 1964.

---

Robert Eastham, pro se.

Robert F. Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

The appellant, Robert Eastham, alias James A. Henry, is serving a five-year sentence for breaking and entering a storehouse with intent to steal. The judgment of conviction was entered on February 14, 1964, his motion for a new trial was overruled on February 28, 1964, and his notice of appeal was filed on the same day. A narrative record of the proceedings in the trial court (including a summary of the evidence) was supplied the appellant on April 17, 1964, and filed in this Court on April 21, 1964. On June 17, 1964, appellant filed a handwritten "Brief for Appellant" in this Court purportedly prepared by himself without assistance of counsel. He was represented by appointed counsel, however, at his trial, and alleges that he requested the appointment of counsel for his appeal but that none was appointed for him.

The gist of the narrative is that appellant and a companion, Rondal Moses, were found by the police at night hiding behind boxes in the store of Emory Gillum Wholesale Meats, Inc., in Ashland after store hours. The store had been entered by prying up a side window, boxes of canned meat were scattered on the floor bearing the imprint of Rondal Moses' corrugated shoe soles, and a number of burglary tools were lying on the floor. Moses confessed and was sentenced to a year, while appellant pleaded not guilty and received a five-year sentence. The narrative record does not mention the appellant's request for the appointment of counsel for his appeal.

The right of an indigent to the appointment of counsel for the preparation of his appeal comes under the shelter of the equal protection of the law clause of the Constitution. Douglas v. California (1963), 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; McIntosh v. Commonwealth (1963), Ky., 368 S.W.2d 331. Here the appellant has raised the issue in his brief and we have no way of knowing from the narrative record before us whether the request for appointment of counsel on appeal ever was called to the attention of the trial court by the appellant. As we said in McIntosh, supra, " 'Equal protection' gives to the indigent defendant a right to counsel and to a transcript of the record on appeal if he requests it. In the absence of such a request it does not, in our opinion, oblige the court either to initiate an inquiry or to extend an invitation to appeal."

In the light of the situation which thus has arisen, we defer ruling on the merits of the present appeal which has been

prepared by the appellant purportedly without the assistance of counsel, and direct the trial court to appoint counsel to prosecute and brief the appeal, and to notify this Court when this order is complied with.