Robert EASTHAM (with aliases), Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 26, 1965.

Rehearing Denied June 4, 1965.

Robert Eastham, pro se.

John M. Williams, Gray, Woods & Cooper, Ashland, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment sentencing appellant to imprisonment for five years for breaking and entering a storehouse with intent to steal. KRS 433.190. This case has previously been before this Court when appellant was without counsel. We concluded that counsel should be appointed to prosecute and brief the appeal. Eastham v. Commonwealth, Ky., 383 S.W. 2d 684. The events leading to appellant's conviction are stated in the former opinion. Subsequently, the trial court appointed Honorable John M. Williams to represent appellant on this appeal, and he has presented an able and thorough argument.

As grounds for reversal appellant alleges prejudicial error in the use of an accomplice's confession, in the exhibiting of certain tools to the jury and in remarks made by the Commonwealth's Attorney.

■ Rondall Moses, who was apprehended with appellant and charged with the same crime, pleaded guilty. Subsequently he testified as a witness for appellant upon the instant trial. In an attempt to impeach Moses' testimony the Commonwealth introduced his signed confession wherein he had implicated appellant and himself. Appellant contends the court erred in failing to admonish the jury to consider Moses' confession only for impeachment purposes. The alleged error must be considered waived since appellant's trial counsel did not request an admonition. Ferguson v. Commonwealth, Ky., 373 S.W.2d 729.

■ It is next contended that prejudicial error was committed in exhibiting certain tools before the jury without establishing a proper foundation for their introduction. Appellant objected to the introduction of these tools which were referred to as "burglary tools." The record does not reflect that these tools were identified as the same ones found at the scene of the crime. Under these ciircumstances it was error to produce them at the trial. Hall v. Commonwealth, Ky., 276 S.W.2d 441. We do not believe this error was prejudicial upon consideration of the whole case since the uncontradicted testimony of the owner of the storehouse and the police officers was that a window of the store building was pried open, the cash register was broken into, a bag of burglary tools was found inside the building and the appellant was discovered hiding in the back of the building at about midnight. RCr 9.26; Montgomery v. Commonwealth, 313 Ky. 415, 231 S.W.2d 72.

■ Finally, it is urged that certain statements in the Commonwealth's Attorney's closing argument to the jury prevented appellant from obtaining a fair trial. In view of the fact that the record does not contain this argument nor does it show that any objections were interposed, the alleged error is not preserved for review. Maise v. Commonwealth, Ky., 380 S.W.2d 230.

The judgment is affirmed.