## Gapoian v. Commonwealth.

October 4, 1946.

868

Doolan, Helm, Stites & Wood and G. D. Milliken, Jr. for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Vartkus (Walter) Gapoian, 16 years old, born of Armenian parents but a native of America, has been sentenced to 21 years imprisonment upon a conviction of an assault with an offensive weapon with an intent to rob.

The appellant, with Seymour Abrams and Mike Nickovitch, other young men of Gary, Ind., rented an automobile in that city or in Chicago, and going far beyond the terms of its rental, came to Kentucky last October. At Munfordville they burned out the bearings of the automobile. They went to Bowling·Green by bus. When P. C. Deemer was getting in his automobile parked on the public square, the three young men got in with him and compelled Deemer to drive them into the county and on a side road. Appellant rode on the front seat with Deemer with a pistol drawn and ordered him where to go, and when they arrived at the point, required him to get out. With Nickovitch pointing a pistol at him, Abrams robbed Deemer of $30. Gapoian had remained in the car. When the others got in he drove it off, leaving Deemer standing in the road.

The appellant's testimony is to the effect that he was merely present and had nothing whatever to do with the robbery.

Nickovitch pleaded guilty to the indictment, which charged the three men with armed robbery. KRS 433.-140. On the recommendation of the commonwealth's attorney, he was sentenced to 21 years imprisonment for armed assault, a crime covered by KRS 433.150. The appellant, Gapoian, pleaded not guilty. When placed on trial he objected to the panel on the ground of implied bias, based upon the fact that its members had served as jurors in the trial of Nickovitch. The court overruled the motion, to which proper exception was taken.

The Criminal Code of Practice provides that either the commonwealth or the defendant may challenge a juror for cause based upon implied bias, "If he have served on a trial jury, which has tried another person for the offense charged in the indictment." Section 210. It was a manifest error not to have sustained the defendant's challenge to nine of the panel who had served on the jury which had found Nickovitch guilty. The fact that no evidence had been heard (as may be presumed) obviously does not make it any less a trial by jurors who returned the verdict with a sentence on which judgment was pronounced.

Since there will likely be another trial of the defendant, we deem it well to point out that the instructions given on this trial were erroneous.

The indictment charges the accused and the others jointly with the crime of robbing Deemer of money in excess of $20 by the use of a deadly weapon. The instructions permitted his conviction upon the belief beyond a reasonable doubt that he had (1) assaulted Deemer with a pistol or (2) "did in a forcible and violent manner demand of P. C. Deemer his money, goods or chattels and did, by the use and display of a pistol, forcibly rob the said P. C. Deemer of his money." The second instruction on aiding and abetting Nickovitch or Abrams is in the same form. As the indictment charges only robbery of the victim of his money, it was error to include the duty or power to convict the defendant for taking his goods or chattels. His evidence was that the intention of the group was only to take the automobile and that he had no part in the taking of the money. The evidence, however, was amply sufficient to convict him upon that charge. Waggner v. Commonwealth, 298 Ky. 153, 182 S. W. 2d 661. This error in the instruction

would probably not be deemed sufficiently prejudicial to require a reversal of the judgment upon that ground but it should be corrected upon another trial.

It will be observed that the instructions are jumbled by including the crime of armed robbery, for which the penalty is life imprisonment or death in the discretion of the jury (KRS 433.140), and assault with an offensive weapon with the intent to rob, for which the penalty is imprisonment for 21 years or for life or death. KRS 433.150. But the only penalty authorized by the instructions was under the latter statute. The offense denounced by it may be a degree of armed robbery under the particular evidence of a case, e. g., if the purpose of the assault was not in fact consummated, as where the culprit failed to take the property because he was frightened away after the assault. Section 263, Criminal Code of Practice. But the undisputed evidence in this case is that the victim was actually robbed of his money and of his automobile after having been assaulted with a deadly weapon. The gravamen of the statutory crime of assault with intent to rob is the assault with the intent. Lamb v. Commonwealth, 266 Ky. 561, 99 S. W. 2d 441. But along with it is the attempt to rob (Cf. Alford v. Commonwealth, 240 Ky. 513, 42 S. W. 2d 711), and an attempt to commit a crime is absorbed into the greater crime. Wharton's Criminal Law, section 39. This is so, we think, even though the attempt when accompanied by an assault with a deadly weapon is a felony by virtue of the statute. We are of the opinion that an instruction under KRS 433.150, that is, armed assault with an intent to rob, was not authorized and, therefore, was more favorable to the defendant than he was entitled to. Of course, upon another trial the facts may be different and such an instruction may be warranted.

The judgment is reversed because of the error in overruling the challenge of the jurors.