## Ellison v. Commonwealth.

March 4, 1947.

James S. Forester, Judge.

W. L. Hammond and Grant F. Knuckles for appellant.

Eldon S. Dummit, Attorney General, Guy H. Herdman, Assistant

Attorney General, and D. B. Smith, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Wade Ellison was jointly indicted with Harry Hayes for the murder of Jesse Crusenberry in July, 1946. Hayes was tried first and entered a plea of guilty before a jury selected from the regular panel and his sentence was fixed at life imprisonment. Immediately thereafter Ellison was placed upon trial before a jury selected from the same panel that tried Hayes. As shown by his motion and grounds for a new trial and his bill of exceptions he challenged the entire panel on the grounds of implied bias and prejudice. The court overruled his challenge, to which he excepted, and a jury was then selected from the regular panel. The entire panel were present and heard the proceedings in the trial of Hayes. Ellison was also given life imprisonment.

On this appeal he is urging several grounds for reversal, the first of which is that the court erred in overruling his motion challenging the panel on the ground of implied bias. Since we think the court committed reversible error in overruling this motion, we shall confine our consideration of the case to that question.

Subsection 4 of section 210 of the Criminal Code of Practice provides that a challenge for implied bias may be made if a juror has served on a trial jury which has tried another person for the offense charged in the indictment. The recent case of Gapoian v. Commonwealth, 302 Ky. 867, 196 S. W. 2d 744, is directly in point. In that case one of Gapoian's codefendants entered a plea of guilty and was sentenced to 21 years in prison. When Gapoian was placed on trial he objected to the panel on the ground of implied bias because some of its members had served as jurors on the trial of one of his codefendants. We reversed the judgment on that ground and asserted that the fact that no evidence had been heard, since a plea of guilty had been entered, did not make it any less a trial by jurors who returned the verdict upon which the judgment was based.

The Commonwealth raises question as to whether the objection was timely raised and stresses the fact that the bill of exceptions was signed by a special judge who

did not hear the trial. However, as we have indicated, both the motion and grounds for a new trial and the bill of exceptions show that the objection was raised timely. It was the responsibility of the Commonwealth's Attorney to examine the bill of exceptions to see that it was properly drawn; and it is to be presumed that he did so.

Wherefore, for the reasons given herein, the judgment is reversed.