## HALLERON et al. v. CARRITHERS CREAMERY.

Court of Appeals of Kentucky.
April 27, 1951.

Finley F. Gibson, Jr., Edwin P. Mengel, Louisville, for appellant.

Curtis & Curtis, Louisville, for appellee.

LATIMER, Justice.

■ This suit arose out of an accident in which plaintiff, riding on his bicycle, was struck in the face by the mirror extending from the left side of defendant's truck, causing the loss of one eye. Upon trial of the cause the jury returned a verdict for defendant. In his motion and grounds for a new trial appellant sets out four grounds. On appeal only one ground is argued. We have held in numerous cases that failure to argue the other grounds will be considered by us as an abandonment of such other grounds. The only ground argued in appellant's brief was that the trial judge erred in refusing to excuse a juror (Zach A. Carrithers) when challenged for cause. During the voir dire examination the above named juror stated that he was "about a third cousin to one of the Carrithers of the Carrithers Creamery". After calling the court's attention to the above statement, attorney for plaintiff made this further inquiry of the prospective juror:

"* * * Are you connected with them? Have you ever been connected with the Creamery?

"By the juror:—No, just that relationship.

"By Mr. Gibson:—What kind of relationship is it?

"By the juror:—About a third cousin.

"By Mr. Gibson:—What is his name?

"By the juror:—I don't know. I knew his father well.

"By Mr. Gibson:—What is your cousin's name?

"By the juror:—I don't know. I know the father, Al.

"By Mr. Gibson:—Mr. Carrithers you are a second cousin of Mr. Carrithers?

"By the juror:—Yes, sir."

Appellant then challenged for cause. The court overruled the challenge. Appellant contends that the relationship was sufficient to sustain a challenge for cause. The only case cited to support this contention is Wilder v. Louisville Railway Company, 157 Ky. 17, 162 S.W. 557. In that

case a prospective juror was excused because his sister-in-law, who lived in his home, had a suit against defendant which he had at one time taken an interest in, but who at the time was not interested in and did not know whether or not that suit was pending. His excusal was objected to. In answer to such objection this court said: "In ruling upon challenges for cause, the court has a wide discretion; and his conclusion will not be disturbed on appeal unless his discretion is abused. There was evidently no abuse of discretion in excusing this juror, * * *."

Appellees contend that the rule of the above cited case is applicable and that the discretion exercised in this case should not be disturbed in this appeal.

We do not choose to enter a discussion here as to whether or not Criminal Code of Practice, paragraph 210, which provides that a challenge for implied bias may be made if the juror be related by consanguinity or affinity, is applicable in civil cases. On the face of it this section has to do alone with criminal prosecutions.

We call attention to paragraph 316 of the Civil Code of Practice with respect to challenges which provides: "The general mode of summoning, impaneling, challenging and swearing the jury is not changed by this Code."

KRS 29.270 dealing with the selection of the jury to try civil cases provides: "Before either party shall be required to strike, those on the list may be challenged for cause, * * *."

KRS 29.290 provides: "Each party litigant in civil actions shall have the right of peremptory challenge to three jurors, in addition to the right to challenge for cause."

■ It will thus be seen that the Civil Code is silent as to what constitutes cause. Obviously, the purpose of the right of challenge for cause is to prevent an incompetent, partial, biased and otherwise disqualified person from serving as a juror. The court's power to reject for cause is not confined to enumerated grounds of challenge, but may be exercised for any cause which the court in its discretion deems sufficient to disqualify.

■ We first observe here that the Carrithers Creamery is a corporation. Attorney for plaintiff knew this fact as that allegation was made in the petition. We next observe that this attorney called the court's attention to the disclosed disqualification based upon relationship. Apparently believing that this blood relationship carried with it implied bias, he rested there. It may be said that in civil actions implied bias is not an absolute disqualification. Especially is this so when one of the parties is a corporation. We call attention to Stone et al. v. Monticello Const. Co., 135 Ky. 659, 117 S.W. 369, 371, 40 L.R.A.,N.S., 978, in which it was said: "The rule is that a juror or judge is not always disqualified in a suit by a corporation merely because he is related to some of the stockholders in the corporation."

■ However, we do not here know what connection the Carrithers of the Carrithers Creamery Company had to the company, other than that the company bore the name of Carrithers. We do know from the record that he was not president because the record discloses a John Allgeier to be the president. In order to make the challenge of sufficient force it was incumbent upon appellant to make further inquiry of the prospective juror in order to ascertain by proper examination whether or not the relationship, as disclosed by the prospective juror, was sufficient to show bias or make it impossible for him to render a fair and impartial verdict. On the basis of the examination as made we can not say that the court abused its discretion in refusing to reject the juror for cause. Consequently, we must leave undisturbed the ruling with respect thereto.

The judgment is affirmed.