**COMMONWEALTH ex rel. et al. v.
HALL et al.**

Court of Appeals of Kentucky.
May 22, 1953.

Bernard B. Davis, Shelbyville, for appellants.

C. Boyd Green, Shelbyville, for appellees.

CULLEN, Commissioner.

In condemnation proceedings by the State Highway Department in connection with a street widening project in the City of Shelbyville, the commissioners appointed by the county court made an award of damages in the amount of $200. Upon appeal to the circuit court by the property owners, a jury increased the award to $750. The Highway Department appeals from the judgment entered on that verdict, contending that the court erred in refusing to grant a continuance and in refusing to sustain challenges to the entire jury panel and to individual jurors and that the verdict was excessive and was not supported by any substantial evidence.

The motion for a continuance was triple-barrelled, being based on (1) absence of a material witness, (2) the unsightly condition of the property by reason of the fact that the construction work was then in progress, and (3) bias of the jury panel arising from the trial, on the preceding day, of a similar case involving adjoining property.

The absent witness was one of the three commissioners who had assessed damages in the county court proceedings. The other two commissioners testified for the Highway Department on the trial in the circuit court. The appellant practically concedes that the testimony of the absent commissioner would have been merely cumulative, and that the failure to grant a continuance by reason of the absence of this witness would not, standing alone, be sufficient ground for reversal. However, it is contended that this ground, when considered with the others, establishes that the appellant did not have a fair trial.

Since the testimony of the absent witness would have been merely cumulative, and since the appellant made no effort to read the affidavit for continuance as the deposition of the witness, in accordance with section 315 of the Civil Code, we think that the absence of the witness is not entitled to much weight in determining whether the denial of a continuance was prejudicial.

With respect to the fact that the construction work was in progress at the time of the trial, thus presenting an unsightly appearance calculated to exaggerate the amount of damages in the eyes of the jury, we are presented with no authority supporting the granting of a continuance

on such a ground. It is true that Chapter 49 of the Acts of 1952, providing a new procedure for condemnation for highway purposes, authorizes a continuance where the construction work has not been completed at the time set for trial, but that statute was not in force at the time the proceedings in this case were had, and these proceedings were brought under a different statute.

█ It occurs to us that the uncompleted condition of the work could make no difference if the jury did not go to view the premises. Under KRS 416.280 (which was the statute governing the procedure followed in this case) the viewing of the premises by the jury is a matter within the discretion of the court. See also Com. v. Crutcher, Ky., 240 S.W.2d 605; Kentucky Nat. Park Comm. ex rel. Com. v. Russell, 301 Ky. 187, 191 S.W.2d 214.

The record here recites that the jury was sent to view the premises *by agreement* of the parties. Any prejudice arising out out of the jury's view of the unsightly condition of the work was the result of this agreement, rather than of the failure of the court to grant a continuance. It is our opinion that the appellant should have raised his point by objecting to a view of the premises by the jury, rather than by moving for a continuance.

We will consider together the objections to the jury panel, made in the form of a motion for a continuance and in the form of challenges to the panel and to individual jurors.

On the day preceding the day on which the instant case was set for trial, there had been tried a condemnation suit involving two pieces of property adjoining the property here involved. The factual situations and the elements of damage in the two suits were substantially identical. The jury which had heard the first suit had awarded $1,000 in damages. There had been some evidence in the first suit concerning damage resulting from the removal of some trees from the right of way, which evidence the Highway Department objected to, and on an appeal this day decided we have held

that the evidence should not have been admitted. See Commonwealth ex rel. Commissioner of Highways v. Meehan, Ky., 1953, 258 S.W.2d 482.

On the jury panel available for the trial of the present suit there were only 23 otherwise qualified jurors, 12 of whom had sat in the previous case. Of the 18 men drawn for the present suit, 7 had sat in the previous case. By exhausting its peremptory challenges, the appellant was enabled to eliminate 3 of these men, leaving 4 on the jury for this case who had served in the other case.

The jurors were questioned carefully on voir dire examination as to their ability to decide this case fairly and impartially and without regard to what had transpired in the first case, and the court overruled the challenges on the ground that the jurors had shown sufficiently an absence of actual bias.

█ In criminal cases it has been held, in effect, that upon the showing of one of the grounds of implied bias enumerated in section 210 of the Criminal Code the court must sustain a challenge. Gapoian v. Com., 302 Ky. 867, 196 S.W.2d 744; Ellison v. Com., 304 Ky. 185, 200 S.W.2d 299. However, in civil cases the rule seems to be that implied bias is not an absolute disqualification. The rule was so stated in Halleron v. Carrithers Creamery, Ky., 1951, 239 S.W.2d 92, and it was there held that the trial court was possessed of discretion in determining whether a prospective juror could render a fair and impartial verdict notwithstanding the existence of implied bias by reason of a blood relationship to one of the parties.

An absolute rule that jurors who have sat in a civil case may not at the same term sit in another case, between different parties, involving substantially similar facts and issues, would, unless very strictly interpreted, seriously impair the administration of justice. It would be extremely difficult to determine where to draw the line of substantial similarity. We are of the opinion that the ends of justice will be better served by leaving to the trial court some discretion in determining whether bias actually

does exist such as to prevent the juror from rendering a fair and impartial verdict.

We do not find any substantial accumulation of authorities taking a view contrary to the one we have expressed. See 50 C. J.S., Juries, § 223(b) (1), p. 963; 31 Am. Jur., Jury, sec. 162, p. 675.

■ In the case before us, we are not convinced that the trial court abused its discretion in overruling the motion for a continuance and the challenges to the jurors.

There remains the question of excessiveness of the verdict.

The sidewalk in front of the appellees' property is on a higher level than the street. Prior to the widening project there was a grass plot, some four feet in width, sloping from the sidewalk down to the pavement. The appellees' house stood flush with the inner edge of the sidewalk. In the widening project the street and sidewalk levels were both raised slightly; the sidewalk was narrowed; the grass plot was removed and the pavement brought over to the outer sidewalk line, leaving an abrupt drop off of two or three feet from the sidewalk down to the street; and an iron railing was built along the outer edge of the sidewalk, as a safety measure. By reason of the iron railing and the drop off, access to the street from the appellees' house is available only at a distance of 20 feet from the front door of the house. In raising the sidewalk level, the slope from the front door to one property line of the appellees' lot was slightly increased.

■ There was no taking of any land belonging to the appellees. The sole damage consisted of the impairment of access to the street and the increase in the slope of the sidewalk. We think these inconveniences were substantial in nature and justified something more than a merely nominal award. While the award of $750 is liberal, it is not so excessive as to indicate passion or prejudice on the part of the jury.

The judgment is affirmed.