**COMMONWEALTH ex rel. et al. v. MEEHAN et al.**

Court of Appeals of Kentucky.

May 22, 1953.

Bernard B. Davis, Shelbyville, for appellants.

Ralph Mitchell and Harold Y. Saunders, Shelbyville, for appellees.

CULLEN, Commissioner.

In condemnation proceedings by the State Highway Department in connection with a street widening project in the City of Shelbyville, the commissioners appointed by the county court made an award of damages in the amount of $300. Upon appeal to the circuit court by the property owner, a jury increased the award to $1,000. The Highway Department appeals from the judgment entered on that verdict, contending (1) that the court erred in refusing to grant a continuance and (2) in admitting evidence concerning some trees removed from the right of way, and (3) that the verdict was excessive and was not supported by any substantial evidence.

Since the judgment is being reversed on ground No. 2, it will not be necessary to discuss the question of granting a continuance. However, our views on an identical question are stated in a companion case, Commonwealth ex rel. Commissioner of Highways v. Hall, Ky. 1935, 258 S.W. 2d 479.

We will consider grounds Nos. 2 and 3 together, which will require a brief statement of the facts.

Washington Street in Shelbyville was being widened for use as a bypass for through traffic. Prior to the widening, the right of way for the street extended to the inside sidewalk line on the north side of the street, but the pavement did not extend to the sidewalk, there being a four-foot grass plot between the pavement and the sidewalk. The sidewalk level was several feet higher than the street level, and the grass plot sloped from the sidewalk down to the street. There were several trees in the grass plot, within the bounds of the right of way. The sidewalk was six and one-half feet in width. The appellee, Mrs. Meehan, owned two old houses on the north side of the street, one standing flush with the inside line of the sidewalk, and the other standing some 15 to 18 feet back from the sidewalk. The houses were occupied by tenants.

In the widening project, the pavement was extended some six and one-half feet, which required the removal of the grass plot and the narrowing of the sidewalk.

The level of the street and of the sidewalk was raised slightly. Because the sidewalk level was higher than the street level, the elimination of the grass plot resulted in a sharp drop off from the sidewalk to the street, and as a safety precaution an iron railing was constructed along the outer edge of the sidewalk, which of course impaired the access of the property owner to the street.

Although there was no direct taking of any land belonging to Mrs. Meehan, the bringing of a condemnation suit was considered necessary because of the indirect damage resulting from the change of grade.

Upon cross examination of an engineer testifying for the Highway Department, questions were asked concerning the trees that had stood on the grass plot. Upon objections made by counsel for the department the court admonished the jury that "the trees have no place in this case as far as any damage element is concerned," and again "pay no attention to trees as far as damage". Counsel for the property owner then said, "I understand we can't ask the Jury to allow anything for trees".

Later on in the trial when the property owner, Mrs. Meehan, was on the stand, she was asked: "Mrs. Meehan, although you did not own those trees in front of you, did the existence of them there have anything to do with the ease of renting the property?" She replied: "The people living there asked me to put awnings on the house. They said it was just so hot they couldn't stand it upstairs, they want awnings for the windows. The trees do give a certain amount of shade and coolness. I have no objection to the road whatsoever, but I think I should have compensation for what they have done to my property." During the course of this answer, two objections made by counsel for the Highway Department were overruled, and at the conclusion of the answer counsel moved that all reference to trees and awnings be excluded, which motion was overruled.

Assuming for the moment that the testimony concerning the trees was incompetent, we think that the initial admonition

by the court lost what effect it may have had when the court later permitted Mrs. Meehan to testify as to the loss of shade and coolness resulting from the removal of the trees. At the best, an admonition to disregard incompetent evidence already admitted is a poor remedy for error, and there is little excuse for permitting additional incompetent evidence of the same character to be admitted after an admonition has been given. By reason of the admission of the later evidence here, the jury may have received the impression that the admonition meant only that the jury could not allow damages for the trees themselves, but could allow damages for loss of the intangible benefits that the trees had conferred.

 We think it is clear that Mrs. Meehan was not entitled to an allowance of damages growing out of the removal of the trees, and that her testimony concerning the trees should have been excluded. It is admitted that the trees stood in the public right of way and they did not belong to the abutting property owner. Any benefits that had accrued to the abutting property by reason of the existence of the trees were purely gratuitous.

In Cassell v. Board of Councilmen, 134 Ky. 103, 119 S.W. 788, 790, it was held that an abutting property owner could not recover for the loss of trees removed from a public sidewalk right of way in connection with a change of grade project, even though the trees belonged to the property owner. The court said:

"* * * We do not, however, think that it [the city] is liable for the loss of the trees which were growing in the public highway. These trees could only remain upon the sidewalk by consent of the municipality, and whenever the city authorities, by changing the grade of the street, destroyed the trees, this was a withdrawal of its permission for them to remain in the street; and the adjoining property holder has no ground for complaint that the consent of the city has been withdrawn."

See also Rabiner v. Humboldt County, 224 Iowa 1190, 278 N.W. 612, 116 A.L.R. 89, and the annotations following that case in 116 A.L.R. 95.

While the award of $1000 damages in the case before us does not seem to be exorbitant, it must be considered liberal in view of the fact that the only real element of damage for which Mrs. Meehan was entitled to recover was the obstruction of her access to the street by reason of the iron railing and the abrupt drop off. The amount of the award is such as to suggest that the jury did give some consideration to the loss of the shade from the trees. Under these circumstances we are of the opinion that the admission of the evidence concerning the trees was prejudicial.

The judgment is reversed.