**Lee MAISE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 19, 1964.

Floyd Taylor, Pineville, for appellant.

Robert F. Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, Farmer Helton, Pineville, for appellee.

WADDILL, Commissioner.

Appellant was convicted of armed assault with intent to rob and sentenced to 21 years' confinement in prison. KRS 433.150.

For reversal of the conviction it is contended that the court did not instruct the jury upon the whole law of the case. In support of this ground it is argued that instruction number one is erroneous in that it failed to describe the assault as having been committed with an offensive weapon.

 In Roberts v. Commonwealth, Ky., 339 S.W.2d 640, we pointed out that the crime denounced by KRS 433.150 may be committed either (1) by an assault with an offensive weapon or instrument with intent to rob or (2) by a demand of money or property in a forcible and violent manner with intent to rob. The gravamen of this crime is the assault with the intent. Gapoian v. Commonwealth, 302 Ky. 867, 196 S.W.2d 744.

The instruction in question was in the language of the statute except that it did not make reference to an offensive weapon. This omission could not have been prejudicial in this case because appellant himself testified that he struck the victim on the head with a stick. The only issue in the case was whether this assault was made with the intent to rob.

The next contention is that appellant was denied his constitutional right to be represented by counsel. The record reflects that appellant had no counsel when he was first brought before the circuit court on his arraignment to the indictment but that no further proceedings were conducted until he had obtained counsel. Under these circumstances, and the fact that he was ably represented by counsel upon his trial, we find no basis for the claim of denial of his constitutional rights in this respect.

Finally appellant insists that he was prejudiced by remarks made by the Commonwealth's Attorney in his closing argument to the jury. Since this argument was not included in the transcript of the record the alleged error was not preserved for review.

The judgment is affirmed.