**James P. NAPIER et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1965.

H. B. Noble, Hazard, for appellants.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Jarvis Allen, Pikeville, for appellee.

DAVIS, Commissioner.

In this condemnation case the appellant property owners appeal from the judgment in the circuit court, asserting that the verdict is inadequate and unsupported by sufficient evidence of probative value; the trial court erred in rejecting proper evidence and admitting improper evidence, and statements in the closing argument of counsel for appellees were prejudicial.

The property taken was an unimproved lot in the Walkertown section of Hazard, with frontage of about 84 feet along the west side of Kentucky Highway No. 15; the lot had a depth of about 535 feet, extending back from Highway No. 15 to the center of North Fork of the Kentucky River. The entire lot was condemned in this proceeding.

The verdict and ensuing judgment for appellants was $9000. Three valuation witnesses for the appellees placed the total value of the lot at $6700. Evidence for appellants fixed the value of the property at $21,331 to $30,579. The witnesses for appellee deposed as to sales of comparable properties in support of their stated opinions of value, as did the witnesses for the appellants. The jury viewed the premises. We have carefully considered the record and are unable to say that the verdict is inadequate. CR 59.01(4) provides that a new trial may be granted for excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court. It is our view that there was abundant evidence of probative value to support the verdict, and there is nothing in the record warranting a conclusion that the verdict was rendered as the result of passion, prejudice, or disregard of the instructions or evidence.

Appellants assert that reversible error was committed by striking a portion of the evidence adduced by a valuation witness presented by appellant. The witness, a brother of appellant James P. Napier, formerly lived on the subject property, but had resided in another state for about 26 years before the trial. He related that he had examined the courthouse records pertaining to the sale of four properties to Standard Oil Company, and gave details as to the contents of those deeds, such as the amount of U. S. documentary stamps and the total consideration paid. Appellant presented the same comparables by other witnesses. However, the witness in question failed to testify to any knowledge of general market value in the community. He admitted that he did not know what improvements had been on the lots sold to the oil company; he was not engaged in the real estate business, nor did he profess any expertise as an appraiser. Over objection of appellee, the trial court permitted the witness to express his opinion that the market value of the taken property was $21,094.60, but subsequently sustained appellee's motion to strike so much of his testimony as fixed the market value. Nevertheless, the trial court specifically told the jury that it could consider the evidence of the witness as it pertained to the comparables—he merely struck that part which expressed the opinion of market value. There was no error in doing so. As we have said, the witness was not an expert in appraisal matters, nor did he profess to know general market conditions in the area. His only basis for expressing an opinion rested on his inspection of the four comparables. When he had told the jury about those he had exhausted his store of "value" knowledge in the case—then the jury was as able as he to make appropriate deductions and conclusions from the comparables. Moreover, the value opinion as expressed by the witness was the lowest one offered for appellants.

Appellants complain that improper evidence was admitted. What are characterized as "examples" of incompetent evidence are quoted in appellants' brief as follows: (Appellee's witness Wells)

"Q2 Are there any other instructions as to benefit of doubt, or any such stuff as that?

PLAINTIFF OBJECTS TO THAT (Sic)

BY THE COURT: Let him answer that, overruled

A Always in favor of the property owner, if there's any doubt. Its the property owner's property that we are affecting and he is dual person in his property, it is his money we are spending."

This is the only one of the so-called "examples" cited. We will not search the record for others—although our careful reading of the record has not disclosed to us any prejudicial evidence. Neither do we regard the cited example as an instance of

prejudicial evidence against appellant. The jury is presumed to be cognizant of the fact that the public's money is expended for public highways. We are not able to discern any prejudicial exploitation of that truth in this case.

 The final charge of error relates to the closing argument of appellee's counsel. The brief answer is that appellant made no objection to the argument and has not preserved the claimed error for appellate review. Moreover, the argument complained of was largely responsive to the prior argument of opposing counsel, and was not prejudicial anyway.

The judgment is affirmed.