**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Mary B. QUISENBERRY, widow, Appellee.**

Court of Appeals of Kentucky.

April 29, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Deddo G. Lynn, Dept. of Highways, Lexington, for appellant.

James F. Clay, James F. Clay, Jr., Danville, for appellee.

WADDILL, Commissioner.

In widening and reconstructing U. S. Highway #150 in Boyle County the Commonwealth condemned appellee's fee interest in a strip of land comprising 1.86 acres along the highway and her reversionary interest in 2.39 acres of the existing roadway. The land taken was part of appellee's 560-acre farm which adjoins the city of Danville. The Commonwealth appeals from a judgment awarding appellee $16,080. The grounds relied on for reversal are the admission of incompetent evidence and the excessiveness of the judgment.

■ Appellee introduced into evidence, over objection of the Commonwealth, four photographs depicting portions of her farm covered by water. These photographs were made while reconstruction of the highway was in progress. It was not satisfactorily established that the conditions shown in these photographs were a permanent result of the reconstruction. Therefore they have no relevancy in establishing the fair market value of appellee's land and it was prejudicial error to admit them. Cf. Commonwealth, Dept. of Highways v. Staples, Ky., 388 S.W.2d 374; Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720.

■ The Commonwealth further objected to the valuation testimony of the appellee and moved to strike it on the ground that she did not establish sufficient qualifications to testify to the value of her property. See Commonwealth, Dept. of Highways v. Fister, supra. Appellee testified that she knew of comparable sales of land, one of which was across the road from her farm. While she apparently did not understand the exact nature of her reversionary interest being condemned by the instant action, we believe she was shown to be sufficiently qualified to testify as a valuation witness concerning the taking of her fee interest.

We examine the record to ascertain whether the verdict is excessive. As a re-

sult of this condemnation and the road construction there is a fill along a portion of appellee's frontage on the highway. It was also necessary to remove several hundred feet of stone fence and two stone entrances.

We observe that while witnesses for appellee testified to a difference in her farm's market value before and after the taking of as much as $30,000.00, the highest comparable sale cited was $3,500.00 per acre. Considering that the only improvements damaged by the taking were the stone fence and entranceways and that the resulting damages were not great, the probative worth of the valuation testimony offered on behalf of appellee will not reasonably support the award of $16,080.00. Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.

While we take notice that the involved land is a part of a valuable farm, we cannot conscientiously uphold so large a verdict and judgment under this record.

The judgment is reversed.