**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**D. W. SMITH et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1967.

Robert Matthews, Atty.Gen., H. C. Smith, Sp. Asst. Atty. Gen., Frankfort, Reed D. Anderson, Madisonville, Robert A. Becht, Louisville, for appellant.

Wells T. Lovett, Kenneth B. Kusch, Lovett, Howard & Moreman, John B. Anderson, Owensboro, for appellees.

STEINFELD, Judge.

For the purpose of reconstructing a portion of U.S. Highway 60 near the city of Owensboro the Commonwealth, through the Department of Highways, sued to condemn land owned by appellees. From a judgment in the amount of $48,500.00 the Commonwealth appeals. It is claimed that the award

was excessive; that it is not supported by evidence of probative value and that incompetent evidence was before the jury. The qualification of one witness is also under attack.

About 1940 a shopping center was developed on a tract of land containing slightly over two acres on the outskirts of Owensboro. The tract had 422 front feet on the south side of the highway and a depth throughout of 220 feet. At the time of taking there were improvements consisting of three separate buildings. The principal structure contains a grocery which is called a supermarket. The grocery building is located approximately 21 feet from the old right of way and is just west of the center of the tract. It is 105 feet wide and approximately 78 feet deep. Another building containing a soft ice cream business is just east of the middle of the property and is approximately 25 feet from the old right of way. This building is 24 feet in width and 34 feet in depth. Across the rear of the property is a building 400 feet long which is occupied by a farm store, warehouse, western wear store, barber shop and offices. The total area occupied by buildings is approximately 20,888 square feet and the remaining land of approximately 70,000 square feet is a paved parking area.

The land being condemned is 18 feet in width on the west side and the width is gradually reduced until it is 10 feet wide on the east side. It extends the entire length of the front of the property. The area taken is 4,575 square feet, approximately ⅒ of an acre, all of which is paved for parking but contains no structural improvements.

In the original action brought in the Daviess County Court the commissioners awarded $4,487.25 from which award the owners appealed. The jury found the value of the entire tract before the taking to be $280,000.00 and after the taking to be $231,500.00. It returned a verdict in the sum of $48,500.00 which it found to be the difference in the value before and after the taking. Judgment was entered for that amount.

Two witnesses testified for the Commonwealth. One stated that the entire property had a fair market value before the taking of $156,500.00 and an after value of $149,750.00, a difference of $6,750.00. The other witness stated that before the taking the property was worth $165,000.00 and afterwards $156,000.00, a difference of $9,000.00.

Appellee produced six witnesses. Some were experienced real estate appraisers. Their testimony was to the effect that the value before the taking ranged from $260,000.00 to $300,000.00; that the after value was between $190,000.00 and $200,000.00. According to what they said the difference in the value before and after taking ranged from $70,000.00 to $100,000.00.

■ Mr. Boyce Taylor, over the objection of the Commonwealth, attempted to qualify himself to testify by stating that he had been in the retail grocery business operating two markets for 24 years in Owensboro, Kentucky and that he had read trade publications concerning the cost of developing shopping centers. He said he had studied the cost of constructing a building for a grocery. He testified that the before taking value was $280,000.00 and afterwards the land was worth only $200,000.00. He based his valuation on two sales which he considered comparable, one being a tract of land which was sold to an oil company for an automobile service station and the other a 12 acre tract also on the outskirts of Owensboro. Mr. Taylor was not qualified to testify as an expert and the trial court should have sustained the objection timely made. Napier v. Commonwealth, Dept. of Highways, Ky., 397 S.W.2d 45.

Testimony for the condemnee showed that customers had been accustomed to using a part of the existing highway right of way for the parking of vehicles, and that this would no longer be possible when the new highway is constructed. The evidence also

showed that before the taking customers could enter the shopping center at all points along the highway and that this too would be changed, although it was admitted that reasonable ingress and egress would be provided to and from the new highway. The Commonwealth argues that the experts who testified for the owner considered these factors in arriving at the values which they stated. This was denied by these witnesses.

■ The law is clear that the loss of parking spaces on the right of way or loss of unrestricted ingress and egress, so long as there remains reasonable access to the property, may not be considered in determining values. Commonwealth, Department of Highways v. Caudill, Ky., 388 S.W. 2d 376; Sloan v. Commonwealth, Department of Highways, Ky., 405 S.W.2d 294.

■ The size of the award strikes "us as being unreasonable, and such as to show the jury was actuated by passion or partiality or by prejudice." We consider it excessive. Commonwealth, Department of Highways v. Staples, Ky., 388 S.W.2d 374; Commonwealth, Department of Highways v. Quisenberry, Ky., 402 S.W.2d 427. The amount suggests that the jury gave some weight to factors which it should not have considered. Commonwealth v. Meehan, Ky., 258 S.W.2d 482.

The judgment is reversed for a new trial.

All concur except PALMORE, J., who dissents.

## DISSENTING OPINION

PALMORE, Judge.

Although the award in this case was substantial, I have never yet mastered the witchcraft by which a group of non-experts sitting at Frankfort is able to determine that a verdict supported by the testimony of well qualified expert witnesses is excessive.

I think also that the witness Taylor was qualified. If not, it is a remarkable coincidence that his estimates were so well in line with those of the landowners' other witnesses who are conceded to be qualified.

For these reasons I respectfully dissent.