COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

William Gene MARSHALL and Joann W.
Marshall, His Wife, et al., Appellees.

Court of Appeals of Kentucky.

March 27, 1970.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Rhodes Bratcher, Bratcher, Cooper & Flaherty, Owensboro, for appellant.

Charles B. West, Walker & West, Henderson, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

In this condemnation case instituted to acquire 20.135 acres from appellees' farm, three miles south of the city of Henderson, the appellant's only argument is that certain photographs were incompetent and admitted over its objections, and "because of the admission of these incompetent and irrelevant exhibits, and passion and prejudice on the part of the jury, appellees received a substantially higher verdict than should have been awarded." The verdict and judgment was for $40,000. Finding no error in the admission of the questioned photographs, we affirm the judgment.

The strip of land condemned for construction of the Pennyrile Parkway was taken from appellees' 298.88-acre farm, leaving 206.85 acres west of the parkway and 71.89 acres east thereof. Valuable improvements situated on the larger tract were not disturbed, although appellees insist that a system of drainage tile (also an improvement) was virtually destroyed by the construction.

Two of the photographs objected to by the Commonwealth are aerial photographs depicting flooding of appellees' farm. The basis of the Commonwealth's objection is the photographs were taken during the construction period.

Appellees contend the photographs were admissible in view of the fact they depict a permanent destruction of the drainage

system of their farm. The topography of the appellees' farm is relatively level and for the most part is comprised of creek bottomland. The farm gently slopes downward from the front, where it fronts on U.S. 41, toward the rear, where the farm adjoins the Elam ditch (one of the drainage ditches that serves the area).

Appellees' farm is so situated that not only does the surface water from appellees' farm drain into Elam ditch, but surface waters from two adjoining farms as well. Appellees and their predecessors in ownership, with the aid of the ASCA office, have developed a system of levies or ditches. This system was constructed so as to carry the water from appellees' farm and the adjoining farms through appellees' bottomland into Elam ditch. The purpose of the ditches was to carry the water through the bottomland into Elam ditch and at the same time prevent the water from spreading out onto the appellees' bottomland. In order to facilitate proper drainage of the bottomland acreage, there was a separate underground tile system that also drained into Elam ditch.

Appellees specifically contend the newly constructed parkway drainage ditches cut diagonally across appellees' farm and intersect the diked drainage ditches. The result is to allow the water caused by periodic, heavy rainfall to spread out over appellees' bottomlands. Appellees also contend that due to the highway construction, the tile drainage system on their farm was destroyed. They further maintain the tract of land on the west side of the parkway is left with no adequate drainage since the field tile that once served to drain that portion is under the parkway and has either been destroyed or rendered incapable of future cleaning and maintenance.

The third photograph objected to by the Commonwealth is a color photograph of a "flap gate," which covers the end of a highway culvert. The purpose of the "flap gate" is to act as a one-way valve, which prevents water from backing up through the culvert and flooding appellees' land.

The photograph introduced by appellees shows the "flap gate" to be open and prevented from closing since it is clogged with debris. The Commonwealth based its objection on the ground the photograph was taken during the construction period and in no way reflects the type maintenance that will be conducted after the highway is finished.

The Commonwealth cites Commonwealth Department of Highways v. Fister, Ky., 373 S.W.2d 720 (1964), and Commonwealth Department of Highways v. Quisenberry, Ky., 402 S.W.2d 427 (1966), as authority for its argument the photographs should have been excluded as they were taken during the construction period. However, appellant's cases do not apply in the present case since the landowners charge the highway construction resulted in permanent destruction of the property's drainage system. They further claim the fair market value of their farm has been directly reduced by permanent damage to substantially all of the appellees' farm from disturbance to their drainage systems.

Appellees' exhibits 3 and 4 (aerial photographs taken during construction) show some water standing astride the new highway roadbed, but which does not cover a substantial part of the farm. The evidence of impairment of the drainage systems is much stronger and more persuasive than the photographs. In fact, the photographs show on their faces they are poor representations of the situation, affording little basis for prejudice.

Furthermore the photographs only show flooding of some of appellees' land, which has a direct bearing on appellees' contention that this land has been damaged by impairment of their drainage system. The question of whether a situation shown to have existed during the construction period was merely temporary, or is a fair indication of what the permanent condition will be, was an issue for the jury to decide. We think the photographs were competent on this question.

The two cases cited by appellant, Fister and Quisenberry, supra, can be distinguished from the present case on the theory that in Fister the photographs therein taken during construction tend to prove temporary injury to business caused by unsightly construction operations, and in Quisenberry "it was not satisfactorily established that the conditions shown in these photographs were a permanent result of the reconstruction."

The appellees point out that the question of the award being excessive is not before this court. The Commonwealth made no motion for a new trial, and the question of excessiveness was never presented to the trial court. Commonwealth Department of Highways v. Williams, Ky., 317 S.W.2d 482.

The judgment is affirmed.

All concur.