**Leroy EDWARDS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Rehearing Denied Feb. 2, 1973.

William G. Kenton, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Justice.

Appellant undertakes by this appeal to upset his conviction on a charge that he illegally sold, dispensed or administered a narcotic drug (heroin) in violation of KRS 218.020, under which he was sentenced to serve 20 years in the state penitentiary and adjudged to pay a fine of $20,000.

We shall discuss the questions raised in appellant's brief as they are therein presented without listing them in a group. Before doing so, however, we make a brief statement of the facts.

The evidence discloses that appellant sold to one William Henry Jones, a convicted felon with a history of being a drug addict, a narcotics drug identified as heroin. It was shown in evidence that the appellant prepared the drug and injected it into the body of Jones.

Appellant first contends that the trial court committed grievous and prejudicial error by allowing the witness to testify that the appellant had sold heroin to other people six or eight months prior to the date of the crime alleged in this case. The appellant argues that this evidence of prior sales of narcotic drugs was incompetent under well-recognized rules that evidence of other crimes is incompetent.

The Commonwealth takes the position that this evidence is competent under the many opinions of this court making an exception to the general rule of inadmissibility, for the purpose of showing intent, motive, design, knowledge or lack of innocent purpose and to show a pattern of conduct.

Evidence of other interrelated crimes was held admissible in Jackson v. Commonwealth, Ky., 445 S.W.2d 835 (1969). See also Duvall v. Commonwealth, 225 Ky. 827, 10 S.W.2d 279 (1928); Fletcher v. Commonwealth, 235 Ky. 320, 31 S.W.2d 393; Bell v. Commonwealth, Ky., 404 S.W.2d 462 (1966); and Lee v. Commonwealth, Ky., 242 S.W.2d 984 (1951).

In the case of Medrano v. United States, 285 F.2d 23, 25 (1960), the Ninth Circuit had this to say in regard to other crimes in a narcotics case:

> "Such evidence was introduced for the purpose of showing intent, design, knowledge or lack of innocent purpose. Evidence that a similar and related offense was committed tended to show a pattern of conduct that was relevant to the issue of intent."

It is concluded that the evidence of other sales of drugs was competent. The trial court gave a proper admonition to the jury limiting the purposes for which it could use this evidence.

■ Appellant next contends that the whole law of the case was not presented to the jury by the instructions in that the trial court refused to give an instruction defining a lesser offense (sale of barbiturates under KRS 217.725(1)). Instructions should dovetail with the facts. As we read the record, there was no evidence that the material claimed to have been sold to Jones was a barbiturate. Appellant denied selling Jones anything, heroin or barbiturates. We conclude that appellant was not entitled to an instruction covering a lesser offense. See Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227; United States v. Minker, 197 F.Supp. 295 (D.C., 1961); and Faerber v. Commonwealth, Ky., 452 S.W.2d 624 (1970).

■ Appellant's third argument questions the sufficiency of the evidence as to whether the material Jones says he got from appellant was in fact heroin.

Jones testified he had been a drug addict using heroin for "20 years" and had used the drug "literally hundreds" of times; that appellant knew this and he told Jones that he was going "somewhere" and did Jones want "anything"—meaning heroin. Jones went on to state that appellant had "the works" (hypodermic needle, the cooper and top, and the heroin in tin foil) and prepared some of the drug and injected it into him; that the drug was a white powder and heroin "as far as I know."

Considerable other evidence was presented on the trial, including testimony of the doctor who attended Jones at the hospital after he received the injection of the drug, all of which tended to prove that the substance was heroin. After all, Jones should have been a pretty well-qualified witness on the subject.

We hold that the evidence on the question whether the substance was heroin was sufficient.

■ Finally the appellant charges that the trial court committed reversible error in failing to admonish the jury that the witness Dorsey Burdette received immunity from prosecution in return for her testimony against appellant. He cites Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As we read the authorities, they do not support the appellant's argument.

What happened was when the witness Burdette was first interrogated on direct examination, she declined to testify on the grounds of self-incrimination. The trial judge assured her in chambers she would not incriminate herself by giving the testimony, for the simple reason that she was in prison at the time on charges growing out of the circumstances from which she then claimed protection against self-incrimination. Counsel for the appellant knew that this witness was afforded protective assurance by the trial judge in the event

she gave her testimony against the appellant, but failed to show this fact to the jury. We do not think that appellant can sit idly by and neglect to prove a fact before the jury and later contend that it was the duty of the trial judge to show those circumstances to the jury.

The judgment appealed from is affirmed.

All concur.