Harold WHITE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 14, 1973.

---

1. A different attorney from present counsel.

C. Thomas Greene, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Thomas A. Ainley, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant Harold White was indicted on five counts for the unlawful sale of narcotics. KRS 218.020. A jury found him guilty on three counts [1] and his punishment was fixed at ten years' confinement in the penitentiary and a fine of $5,000 on each count. From the judgment he appeals. We affirm.

The first complaint is that the jury had heard similar testimony in two previous narcotic trials from the same witnesses who testified against White. Those cases involved different defendants and charges unrelated to those pertaining to White. The Lexington, Kentucky, Police Department had made a drive to rid that city of narcotic sellers and there had been a number of trials at that term of court involving the sale of narcotics. Counsel for White exhausted his strikes and then moved the court to remove any remaining jurors who had participated in those trials. The motion was overruled, but the court, with meticulous care, interrogated each prospective juror to ascertain whether he would give to White a fair and impartial trial. The court excused some jurors because they expressed the opinion that they might be influenced by what they had heard in previous trials. It is our opinion that the care taken by the trial judge insured White an impartial jury. In the absence of a showing that a juror who served was prejudiced and because of that bias he could not render a fair and impartial verdict, we will not hold that the trial court erred in overruling the motion. United States v. Haynes, 398 F.2d 980 (CCA 2, 1968); Cwach v. United States, 212 F.2d 520 (CCA 8, 1954); Anno. 160 A.L.R. 762; Cf. United States v. Stevens, 444 F.2d 630 (CCA 6, 1971); Ellison v.

---

1. Two counts had been dismissed.

Commonwealth, 304 Ky. 185, 200 S.W.2d 299 (1947), and Commonwealth v. Hall, Ky., 258 S.W.2d 479 (1953).

White was charged with selling a narcotic drug to Mary L. Smith "on or about the 3rd day of December, 1971," to David Eades "on or about the 19th day of November, 1971," and to William Smith "on or about the 30th day of July, 1971." White's counsel moved for a bill of particulars, which motion was sustained. The response of the Commonwealth did not fix specific dates, nevertheless, White argues that Eades did not testify as to the date the sale was made to him. We find that the testimony of Eades was sufficiently clear to indicate that he purchased narcotics from White on or so near to November 19, 1971, that the date of sale was proved.

■ White claims that Eades was not qualified to prove that the substance he purchased was heroin. We have held that a user of narcotics is qualified to identify the drug he used. Edwards v. Commonwealth, Ky., 489 S.W.2d 23 (1972). Eades testified that for two years before the purchase he had been addicted to many kinds of drugs and that he had used heroin 15 or 20 times before December 1, 1971, when he stopped using narcotics because of his arrest. In our opinion he had had sufficient experience with this narcotic to qualify him to state that he had purchased heroin (23 C.J.S. Criminal Law § 864, p. 408), particularly when his opinion was bolstered by the totality of the evidence, which showed that White was a regular "pusher" of heroin who plied his trade almost daily at the same location where Eades bought drugs.

Mary L. Smith testified that she had used heroin daily for about five years and that she had seen White almost every day before December 5, 1971. She gave a statement to the police department on that date. She testified that she made one of her many purchases from Harold White about two days before she gave that statement, but she was not certain of the date.

■ William T. Smith, the brother of Mary L. Smith, testified that he had seen White many times in the same area where the others stated they had purchased drugs from White. Mr. Smith's testimony that he had not purchased drugs from White contradicted the written statement he had given officers of the Lexington Police Department on December 12, 1971. In that statement, which was introduced in evidence after a proper foundation was laid, Smith said he "bought heroin from Harold White for $10.00 for one bag in the last week of July 1971 at Second & Deweese St." The appellant argues that the evidence was insufficient to sustain the finding of guilt for the sale to William Smith. We hold that it was. Jett v. Commonwealth, Ky., 436 S.W.2d 788 (1969). Cf. State of California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

At the conclusion of the evidence for the Commonwealth counsel for White moved for a directed verdict as to all counts of illegally selling narcotics. We hold that no error was committed in overruling the motion. Hodges v. Commonwealth, Ky., 473 S.W.2d 811 (1971).

The judgment is affirmed.

PALMORE, C. J., and JONES, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.