Luther Alonzo BAILEY, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1973.

Rehearing Denied Jan. 4, 1974.

Victor W. Dungan, David Kaplan, Stuart L. Lyon, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

In a four-count indictment the appellant was accused of the murder and the armed robbery of James Harold Wilkins on February 25, 1972. He was also accused of the armed robbery of Franklin Jones on March 1, 1972, and of the offense on that same date of operating a motor vehicle without the consent of the owner.

All counts of the indictment were tried together and he was convicted of voluntary manslaughter in the death of Wilkins and sentenced to twenty-one years. He was convicted of armed assault with intent to rob Wilkins and sentenced to ninety-nine years. He was convicted of armed robbery of Franklin Jones and sentenced to twenty years and also sentenced to five years upon conviction of the offense of operating a motor vehicle without the owner's consent. The sentences were ordered to run consecutively.

On February 25, 1972, James Wilkins, an operator of a Yellow Cab, was found shot to death in his cab and his wallet which he had been carrying earlier in the day was missing. Five days later Franklin Jones, the operator of a Checker Cab, was robbed at gunpoint and the taxicab driven away by the robber. On the same day the appellant was arrested while operating the stolen taxicab and a pistol was discovered on the front seat. Two Checker Cab receipts and some currency were found upon his person. He was identified by Franklin Jones as his assailant.

Upon his arrest he was interrogated by police officers who first read to him from a card a detailed explanation of the so-called "Miranda Rights." Without requesting assistance of counsel the appellant answered questions and confessed to the shooting and attempted robbery of Wilkins but stated that he did not obtain any money from him.

There is no contention that the evidence is not sufficient to support the verdict as to the robbery of Franklin Jones and the unlawful operation of the taxicab.

The appellant contends that he was entitled to a directed verdict as to the charge of armed robbery of the deceased Wilkins and that the court erred in giving an instruction on the crime of armed assault with intent to rob.

The basis for this claim is that the only evidence of the alleged attempted robbery of Wilkins was the out-of-court confession of appellant and this, he claims, will not support a verdict absent other

evidence that such crime was committed. RCr 9.60.

The evidence that Wilkins had a wallet on his person during the day that he was shot and that it was missing when his dead body was discovered is independent evidence sufficient to corroborate the confession.

■ Appellant contends however that if the proof is sufficient to establish the actual commission of a robbery, the court should have instructed on that offense alone and it was error to instruct upon the lesser offense of armed assault with intent to rob. If such an instruction was error, it was error only in that the appellant received a more favorable instruction than he was entitled to and he may not be heard to complain of that. Cf. Gapoian v. Commonwealth, 302 Ky. 867, 196 S.W.2d 744 (1946).

■ Appellant next contends that the statements obtained from him by two police officers on separate occasions should have been excluded. He advances a claim that the Fourth Amendment of the United States Constitution was violated for the reason that he never at any time had any probable cause to make a statement and without such probable cause to make it the statement should have been suppressed. In a like vein he also contends that the officers did not have probable cause to interrogate him.

These alleged Fourth Amendment rights which appellant has purported to discover are not bolstered by the citation of any authority whatever and we are not aware of any instance where a voluntary confession has been suppressed for the reason that the confessor had no probable cause to confess. We do not deem it advisable to expand the Fourth Amendment in this manner by judicial interpretation.

■ Appellant complains that at the beginning of his closing argument the Commonwealth's Attorney prominently displayed a jacket worn by the deceased cab driver which contained two bullet holes in it. This jacket had been introducd in evidence as an exhibit. There was some evidence of a struggle between the deceased driver and the appellant and the position of the bullet holes in the jacket could have been significant. We are not unaware of those cases condemning the display of bloody clothing or pictures depicting horribly mutilated bodies in an attempt to inflame the jury and obtain a verdict of guilt based upon passion rather than evidence. Under the circumstances of this case however, the jacket was an exhibit, it had some evidentiary value, it was promptly removed from prominent display at the objection of defense counsel and it was not commented on thereafter during argument. We see no error in the procedure.

■ Appellant contends the court erred in requiring him to be tried on the two separate armed robbery charges at the same trial. The matter of joint or separate trials addresses itself to the sound discretion of the trial judge under RCr 6.18, 9.12 and 9.16. The joint trial was authorized under the provisions of those rules and we cannot say there was any abuse of discretion on the part of the trial judge in requiring the trial of the charges jointly.

The last contention made by appellant is that the court erred in systematically excluding black citizens from the jury panel. The contention is without merit because the record fails to show any such exclusion.

The judgment is affirmed.

All concur.