Steve **MILLER**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 14, 1974.

Rehearing Denied Sept. 20, 1974.

Anthony M. Wilhoit, Public Defender, Anna H. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Steve Miller was convicted in the Shelby Circuit Court on one count of "Transfer of a controlled substance known as methylene-dioxy-amphetamine, (MDA), to another." KRS 218A.140. His punishment was fixed at confinement for a period of twelve months in the Shelby County Jail, and a fine of five hundred dollars. Miller appeals, alleging as the sole basis for reversal that the trial court erred in submitting the case to the jury upon a substance identification by a nonexpert observer.

Sharon Cutshaw, a witness called up on behalf of the Commonwealth, testified that on or about August 11, 1973, while in the home of the appellant, Miller, she witnessed the appellant, at approximately 6:00 in the afternoon, take from a foil container a certain "white powder," which the witness identified as MDA. The appellant then mixed the powder with water, heated the solution and injected the solution, by means of a hypodermic needle, into the arm of Donna Burgin. Cutshaw further testified that she was fam128ilar with the substance MDA and that she had taken MDA before this occasion by "pouring it into a soft drink" and taking it orally. Cutshaw testified that she had never injected MDA into her system by hypodermic means, but that she was familiar with the reaction MDA caused once it did enter the system. This was the same reaction which followed each of the four injections which appellant administered to Burgin. Cutshaw testified that she left the appellant's house "about 9:00 or 10:00," after she had taken a drug commonly known as LSD. It is evident from the record that Cutshaw has been familiar with and used drugs of different types for nearly four years.

The witness did not taste or feel the substance in question, but viewed the "white powder" from a distance of approximately two feet in the bedroom of appellant's dwelling.

Appellant cites two recent Kentucky cases dealing with testimony of a nonexpert

witness concerning a substance identification. Edwards v. Commonwealth, Ky., 489 S.W.2d 23 (1973); White v. Commonwealth, Ky., 499 S.W.2d 285 (1973). In both cases testimony by an *addict* was allowed concerning the identification of a controlled substance. In both cases however, the witness had either purchased the substance or had used the substance personally. Appellant contends that Cutshaw does not qualify as a competent witness under either of the above-cited cases since she was not proven an addict nor did she use or come into actual contact with the substance in question.

Appellee argues that the witness Cutshaw does qualify as a competent witness because of her previous experience with MDA and her use of other drugs over a long period of time. The trial court concluded that the witness did in fact qualify as a witness under the *Edwards* case, supra.

■ Appellant further states that Cutshaw's testimony was destroyed by the testimony of a state police narcotics officer that ". . . as far as actually knowing it (the substance) would have to be analyzed by a laboratory." The appellant failed to qualify the narcotics officer as an expert thus placing his testimony on the same footing as Cutshaw's. Therefore a determination of the facts should be left to the jury. The narcotics officer was stating an opinion as to the identification of a drug he had not seen.

■ We conclude that although Cutshaw was not proven to be an *addict* under the *Edwards* and *White* cases, supra, she has used drugs of all description extensively for approximately four years and she has seen and used the drug MDA, which in our opinion, makes her testimony competent as to what she observed at the appellant's house. The witness does have a special knowledge of the drug in question and was qualified to give her opinion. The *White* case speaks of "sufficient experience" as the determining factor. The *Ed-*

*wards* and *White* cases, supra, stand for the proposition that in instances where drugs of a controlled type are used by individuals for an unlawful purpose, it is in most cases impossible for an expert witness to be called upon to testify. Testimony is competent if given by a witness who has special knowledge of drugs or because of extensive use of drugs is qualified as an expert witness on drug culture. To hold otherwise and demand laboratory analysis would defeat the purpose of the statute and allow traffic or transfer of controlled substances to flourish in the secret confines of society. Therefore, the trial court was correct in submitting the case to the jury upon the substance identification by a nonexpert observer.

The judgment is affirmed.

All concur.